NEW-YORK,
Oct 1815.

ARNOLD
v.
CAMP.

Judgment reversed.

## ARNOLD *against* CAMP.

THIS was an action on a *promissory note*, payable to the plaintiff, or bearer, on demand, for 464 dollars and 69 cents, dated the 10th of *February*, 1813, and executed by *Camp*, and one *Downing*, his partner, against whom process had been issued jointly with *Camp*, but who was not taken. The cause was tried before Mr. Justice *Spencer*, at the *Oneida* circuit, in *June*, 1815.

The note in question had been given up by the plaintiff to *Downing*, upon the latter giving his own note for the amount; but *Downing* afterwards took back his own note, and returned the partnership note to the plaintiff, on the plaintiff's telling him, that if he did not do so, he should work for him no longer. The partnership between *Camp* and *Downing* was dissolved in *June*, 1813, and the plaintiff had notice of the dissolution. *Camp* had given *Downing* property for the purpose of taking up this note.

A verdict was found for the plaintiff, subject to the opinion of the court.

Where a promissory note is given by a partnership, and the payee afterwards takes the individual note of one of the partners for the amount, and gives up the partnership note, it is a payment of the partnership note.

And if the payee afterwards gets back the partnership note from the individual partner, on redelivering him his note, and brings an action upon the partnership note, the other partner may avail himself of these circumstances as a bar to the action.

NEW-YORK,
Oct. 1815.

ARNOLD
v.
CAMP.

*2 Bl. Com. 445.
1 Comyn on Contracts, 9—13.
† 2 Johns. Rep. 455. 5 Johns. Rep. 68. 8 Johns. Rep. 58. 7 Johns. Rep. 311. 11 Johns. Rep. 409. 513. 6 Cranch's Rep. 253. 1 Salk. 124.
‡ Tobey v. Barber, 5 Johns. Rep. 68. Johnson v. Weed, 9 Johns. Rep. 310. 5 Term Rep. 513. 6 Term Rep. 52. Putnam v. Lewis, 8 Johns. Rep. 389.

*C. M. Lee*, for the plaintiff, contended, 1. That there was no consideration for the exchange of the partnership note for the note of one of the parties only.*

2. The fact of exchanging the partnership note for the note of the individual partner, was not, of itself, a payment of the partnership note.†

3. The time for the payment of the partnership note, which was given for a precedent debt, having elapsed, and the note not having been paid, the plaintiff is entitled to recover under the counts for work and labour.‡

*Storrs*, and *N. Williams*, contra, contended, that the partnership note having been taken up by *Downing*, and his own note accepted in its stead, the partnership note was thereby satisfied and extinguished. They did not dispute any of the authorities cited on the other side, but said they were cases of notes given at the time of the contract, and were not applicable to the present case; that where a note is given for a precedent debt, and it is expressly agreed to be received as payment, it shall be payment.§ The giving up the partnership note was the highest evidence of an agreement to accept the note of *Downing* as payment. It was either taken in payment, or as collateral security. It could not be the latter, for its correlative, the partnership note, was gone.

§ 6 Cranch, 264. 11 Johns. Rep. 409.

The case of *Newmarck and another* v. *Clay and others*,‖ in the K. B., is in point, that the delivering up the partnership note, and receiving the other, is such a payment of the former, that no action can be maintained on it; and in this case, also, it is an answer to the third point made by the plaintiff's counsel.

‖ 14 East's Rep. 239—242. Kingour v. Finlyson, 1 H. Bl. 155.

THOMPSON, Ch. J., delivered the opinion of the court. The question is, whether, under the circumstances of this case, *Camp* is not discharged from all responsibility upon this note. There is nothing in the case showing that *Downing* is insolvent, or unable to pay the note he gave in his individual capacity. As *Downing* had received property to discharge the note, the redelivery of it to the plaintiff was unjust, as it respected *Camp*, and he is justified in availing himself of all legal measures to exonerate himself from the payment. The circumstances appear to fully warrant the conclusion, that the individual note of

NEW-YORK,
Oct. 1815.

ARNOLD
v.
CAMP.

*Downing* was intended to be given to, and was actually received by, the plaintiff, in satisfaction of the partnership note. This was delivered up for the purpose, as must necessarily be inferred, of being destroyed. This is a much stronger case than that of *Shechy v. Mandeville.* (6 *Cranch*, 264.) It is there held, that, although, as a general principle, a promissory note will not of itself discharge the original cause of action, yet if, by agreement, the note is received as payment, it satisfies the original contract, and the party receiving it must take his remedy on it. That case also shows that the doctrine of *nudum pactum* has no application to cases like the present; there also, as in this case, it was the note of one of the firm that was held to discharge the partnership. The same doctrine is maintained in *Newmarck* v. *Clay*, (14 *East*, 239.) and in *Toby* v. *Webster*, (5 *Johns. Rep.* 72.) This court considered the acceptance of a note as an extinguishment of a pre-existing debt, if agreed to be received as payment; and *Whetherby* v. *Mann*, (11 *Johns. Rep.* 518.) is a still stronger case. It is there held, that when a negotiable note has been received in satisfaction of a judgment, it is an extinguishment of the judgment debt. If the facts, then, in the case before us, will warrant the conclusion, that when the individual note of *Downing* was taken, and the partnership note delivered up, it was intended and agreed to be considered as payment of the note in question, there can be no doubt but that, in judgment of law, it will operate as a satisfaction of the partnership note; and that the facts, not only fairly, but necessarily, lead to such a conclusion, will, in my opinion, admit of no doubt. The defendant is accordingly entitled to judgment.

Judgment for the defendant.