VAN EPS *vs.* DILLAYE and others.

Where, in an action against three defendants, sought to be charged as partners, only one appears and defends, the others not being served with process, or failing to appear, the latter can not object to the sufficiency of the evidence of their liability; and it is sufficient for the plaintiff to show that the defendant who alone appears and defends was a member of the firm by whom the debt was contracted, and as such liable to the plaintiff.

The acts of one partner, though after dissolution of the partnership, will bind his copartners, in respect to all persons who have previously dealt with them as a firm, except those to whom actual notice of the dissolution has been given.

In the absence of proof of such notice, and in the absence of any thing upon the face of the contract to show that a person executing notes in the names of himself and others, as copartners, had no authority to bind the others, he will be estopped from denying the joint liability of himself and those whom he undertook to bind.

Where a creditor accepts the individual obligations of one of several partners, or of a third person, and thereupon gives up notes of the partnership, such obligations will not be considered as any thing more than the conditional payment of an existing debt; unless it is proved that they were agreed to be taken absolutely as payment of such debt.

The question in such cases, always, is whether the creditor agreed to, and did, accept the notes, either of the debtor or of a third person, as *payment* of the original debt. If he did not, the original debt is not discharged, and the remedy upon it is only suspended until the maturity of the notes received.

And where, after individual obligations, turned out by a partner to satisfy a partnership debt, have arrived at maturity and been dishonored, such partner voluntarily gives the creditor a new note in the name of the firm, for the amount of the original debt, this will be considered as evidence of the understanding of the parties that the substituted obligations were not turned out, or taken, as absolute payment of the partnership debt.

THIS was an action of assumpsit upon two promissory notes dated Oct. 3, 1842, signed by Dillaye, Hayden & Co. and payable to the order of the plaintiff, six months after date; one of which was for $108,35, and the other for $108,36. The defendant Dillaye pleaded the general issue, and payment, and gave notice of set-off. The other defendants did not appear. The cause was tried at the Madison circuit in Feb. 1849, before Justice GRIDLEY. The plaintiff read in evidence the deposition of John Van Eps, taken before a referee appointed for that purpose. The witness testified that in 1841 and 1842 he was in the employ of the plaintiff, in the city of New-York, as clerk or agent, and he proved the sale and delivery to the defendants, in October, 1842, of a bill of goods amounting to $216,71, for which two notes were given, one for $108,35, and the other for $108,36, payable in six months. That the goods were sold to the firm of Dillaye, Hayden & Co., Dillaye selecting the goods and executing the notes. The witness testified that he had charge of the debt in question, for the purpose of collecting it, until the notes were put into an attorney's hands for collection in June, 1848, and that the same had not been paid ; that in 1843 or 1844, Dillaye gave the witness, on account of the notes, a draft for $100, a part of the amount, on the Messrs. Wards of Milwaukie, which was sent on to Milwaukie for collection, and came back dishonored ; after which it was returned to Dillaye ; that at the time the draft was given, Dillaye told the witness that the Wards had lead, or property, in their hands, on sale, belonging to Dillaye, Hayden & Co.; that Dillaye, at the same time, gave the witness an agreement to ship lead to the city of New-York to pay the balance of the notes, but the lead was never sent, and the agreement was subsequently given up; that the witness informed Dillaye that the Wards refused to accept the draft because they had already accepted to the amount of property in their hands ; that Dillaye made a great many apologies, and promised to have the matter righted, and that in August, 1844, he promised that this debt should be paid, every dollar of it. This was after the draft had been given up to him. That the original notes were given up to Dillaye at the time of taking the draft and

the agreement for the delivery of the lead; the draft and agreement being taken in lieu thereof. The draft and agreement were signed by Dillaye individually. At the time of giving the draft and taking up the original notes, Dillaye gave to the witness his note for $107,33, payable on demand, to cover the balance of the original notes, after deducting the amount of the draft on the Wards. The note was payable to the order of the witness, because it was thought more convenient to have it so, as the plaintiff, his brother, had sold out, and the witness was settling his business for him, by virtue of a power of attorney; and he made a deduction from the bill, at Dillaye's request. That such deduction was made on account of what Dillaye said about there being a defect in some of the articles, and upon his agreement that the draft and note should be paid promptly; that Dillaye represented that the last note and draft would be paid, and that the lead would be shipped, which was the reason for the witness' taking them and giving up the original notes; he knowing that the firm of Dillaye, Hayden & Co. was not in good credit, but having confidence in Dillaye, and thinking he should get speedy payment in that manner. The notes on which this suit was brought were received from Dillaye in the spring of 1844, being ante-dated, to correspond nearly with the original notes; and Dillaye took back his note and draft. This was after the witness had written to Dillaye, on the subject. The plaintiff proved by J. H. Spencer, another witness, that he had heard the defendant Dillaye state who constituted the firm of Dillaye, Hayden & Co; that in the year 1846, Dillaye was examined as a witness in a cause in which King & Dow were plaintiffs and the defendant Williams was defendant, and stated that the firm of Dillaye, Hayden & Co. consisted of himself and the defendants Hayden and Williams; that Hayden went out of the concern in the winter of 1842, and the partnership was terminated in the spring of the same year. The execution of the notes in suit was admitted, by the defendants' counsel, to be in the hand-writing of the defendant Dillaye; and the notes were then read in evidence. The plaintiff having rested, the defendants moved for a nonsuit, on the ground that, the plain-

tiff having taken the note of one of the partners, and his draft on the Wards, together with his agreement to deliver a quantity of lead, and given up the partnership notes, this was an extinguishment of the partnership debt and prevented a recovery against the firm. The motion was denied, and on the suggestion of the judge, and by consent of counsel, a verdict was taken for the plaintiff, in form against the three defendants, and the plaintiff's damages were assessed at the amount due upon the notes for principal and interest, subject to the opinion of the court, on a case.

*N. Foote*, for the plaintiff. I. The reception of the draft, note and agreement of Dillaye by J. P. Van Eps, and the surrendering of the original notes, was not a payment of the original indebtedness. (1.) J. P. Van Eps was a special agent, appointed by the plaintiff to settle and collect his outstanding debts. He had no authority to appropriate this debt to his own use, by taking a note and draft in his own name of one of the sureties of a firm, and cancelling the original indebtedness. (2.) Notwithstanding the draft was the individual draft of Dillaye, still Dillaye pretended it would be paid out of the funds of the firm, which shows clearly that J. P. Van Eps relied upon the funds of the firm for the payment of the draft, and therefore could not have intended to release the liability of the firm. The subsequent conduct of Dillaye, in executing and delivering to J. P. Van Eps two notes corresponding with the original notes given on the purchase of the goods, shows that he did not consider the firm released from the indebtedness. (3.) The surrendering of the notes of the firm on the reception of the individual security, by note and draft of one of the members of the firm, is not evidence that they were received in payment of the debt. On surrender of the note and draft an action may be sustained to recover on the original consideration. (*See Cole* v. *Sackett*, 1 *Hill*, 516, *and cases there cited; Waydell* v. *Luer*, 5 *Id.* 448; *Same case affirmed in court of errors so far as this question is involved*, 3 *Denio*, 410; *Halliday* v. *McDougall*, 22 *Wend.* 264.) In each of the above cases the partnership

notes were given up and the individual note of one of the partners received in lieu thereof, after dissolution of the firm and notice to the plaintiff; neither of which were done in this case. In all of the cases referred to by the defendant's counsel on this point, even in the case of *Arnold* v. *Camp*, (12 *John.* 409,) the note was surrendered and a new one taken after notice of the dissolution of the firm. II. Dillaye, by the giving of the last notes, undertook to place the plaintiff in the same position he occupied at the time of the execution of the first notes. And the surrendering of the draft, note, and agreement executed by Dillaye, in his individual capacity, is sufficient consideration to sustain the promise, and he is estopped from setting up the fact of the dissolution of the firm previous to the execution of the notes, as a defence to this suit. He virtually said to the plaintiff that the firm of Dillaye, Hayden & Co. was still in existence, and that he had power to execute said notes; and the plaintiff, relying upon the undertaking of Dillaye, surrendered the demands he held against him individually; and he can not now say he had no such power. He evidently attempted to practise a fraud upon the plaintiff, which should not enure to his benefit. (*See Cowen's Tr.* 946.) The recovery in form against the firm, will not prejudice the rights of the other partners. (*See Bruen* v. *Bokee,* 4 *Denio,* 56.) III. Notice of the dissolution of the partnership should have been served on the plaintiff. The last notes were executed before the giving of such notice, and the plaintiff having dealt with the firm, and the notes being given on a good and valid consideration, all the members of the firm are liable on the notes. (*See Vernon* v. *Manhattan Co.* 17 *Wend.* 526; 6 *John.* 144, *and cases there cited.*)

*H. J. Sedgwick,* for the defendant Dillaye. I. There is no proof of partnership. The only evidence is furnished by the declarations of Dillaye. Not one word is proved against the other defendants. (*See McPherson* v. *Rathbone,* 7 *Wend.* 216; *Halliday* v. *McDougall,* 21 *Id.* 264.) II. The taking the draft on the Wards, and the individual note and contract for

lead of Dillaye, and giving up the notes of the firm, was a payment of the partnership debt. (*Story on Part.* § 155. *Thompson* v. *Percival*, 5 *Barn. & Adolph.* 925. *Arnold* v. *Camp*, 12 *John.* 409. *National Bank* v. *Norton*, 1 *Hill*, 572, 577. *Mitchell* v. *Ostrom*, 2 *Id.* 520. *Waydell* v. *Luer*, 3 *Denio*, 410.) III. The giving of the notes by Dillaye, on which this suit is brought, was without authority and can create no obligation on the partners to pay; they having been given long after the dissolution. (1 *Hill*, 575.) IV. The declaration being on a joint undertaking, the plaintiff is bound to prove it as such, or he can not recover. (2 *Hill*, 520. *Sheriff* v. *Wilkes*, 1 *East*, 48.)

*By the Court,* ALLEN, J. The defendants, Hayden and Williams, were either not served with process, and in that case are not bound, or in any way affected, by the verdict and judgment, unless they claim to own property jointly with Dillaye, or else, having been served with process, they have failed to appear, and suffered default, and thereby admitted the right of the plaintiff to recover. And in either case they can not object to the sufficiency of the evidence of their liability; and it was sufficient for the plaintiff to show that Dillaye, who alone appears and defends, was a member of the firm of Dillaye, Hayden & Co. and as such, liable to the plaintiff in this action. (*Whitney* v. *Sterling*, 14 *John.* 215. *Halliday* v. *McDougall*, 22 *Wend.* 264.) The existence of the copartnership between the defendants was abundantly proved as against Dillaye; 1st, by his acts and dealings with the plaintiff; and 2dly, by his admissions under oath when examined as a witness in another cause to which he was not a party.

Had the action then been upon the notes originally given to the plaintiff, and there had been no intermediate dealings between the parties, the right of the plaintiff to recover would have been indisputable. But it is insisted that the notes, to recover which this suit is brought, were given by Dillaye after the dissolution of the firm of Dillaye, Hayden & Co., and without authority of his former copartners, and that therefore there

is no joint liability on the part of the defendants. It is a well settled rule that after the dissolution of a copartnership one member of the firm can not bind his former partners by any new contract, even by the renewal of a partnership note, or by an endorsement of negotiable paper held by the firm. (*National Bank* v. *Norton,* 1 *Hill,* 572.) But this principle will only affect contracts made after dissolution, with one who had not before had dealings with the firm, or having had dealings with them, had had actual notice of the dissolution. The acts of one partner, though after dissolution, will bind his copartners in respect to all persons who have previously dealt with them as a firm, except those to whom actual notice of the dissolution has been given. (*National Bank* v. *Norton, supra. Vernon* v. *Manhattan Co.* 17 *Wend.* 524. 6 *John.* 144.)

In this case, there is no evidence that the plaintiff, or his agent, had any notice whatever, at any time before the trial, that the copartnership of Dillaye, Hayden & Co. had ceased to exist, or had been dissolved. And in the absence of proof of such notice, and in the absence of any thing upon the face of the contract, as in *Mitchell* v. *Ostrom,* (2 *Hill,* 520,) to show that Dillaye had no authority to bind the other defendants by the notes now in suit, it might well be held that Dillaye was estopped from denying the joint liability of himself and those whom he undertook to bind ; and the case be disposed of upon this ground. (*Hawks* v. *Munger,* 2 *Hill,* 200.) It is, however, claimed by the defendant Dillaye, that the plaintiff agreed to, and did, take his individual note and draft not conditionally, but absolutely in payment of the firm notes, which were given up. But the evidence is that they were taken upon the express assurance that the bill was drawn against funds in the hands of the drawee, and would be accepted and paid, and that the note would be paid at the time and in the manner then agreed upon. The drawees refused to accept or pay the draft, and Dillaye did not pay the note. The partnership debt was not then in fact *paid.* The securities taken by the plaintiff had proved utterly unavailing, and the firm had parted with and lost nothing. It does not appear that any member of the firm, except Dillaye, ever

knew of the transaction.    Then if the plaintiff had agreed to ac-
cept these individual liabilities of Dillaye, in payment of the notes
of the firm, he had done so under a mistake, and there was a
good reason why he should be placed in the same situation in
which he was before the dealing with Dillaye; and this doubt-
less the firm had a right to do.    There can be no doubt, I think,
that the original debt of the firm and the surrender of the indi-
vidual obligations of Dillaye would have proved a good consider-
ation for a new note, and if given by one member of the firm
while the copartnership was in existence, or by the members
individually after the dissolution, it could not have been impeach-
ed in either case for want of consideration, or in the first case
for the reason that it was given for the individual debt of one of
the partners; and if so, the notes for which this suit is brought
are valid notes; for the plaintiff had no notice of the dissolution,
and the copartnership between the defendants, in respect to him,
must be considered as continuing up to the time of the giving
of those notes.    In *Mitchell* v. *Ostrom*, (*supra*,) the note was
signed "late firm of M. I. E. & Co.," and by such signature,
the court held that only the party signing it was bound, and
that he should have been sued alone.    In *Arnold* v. *Camp*,
(12 *John.* 409,) the creditor had, after the dissolution of the co-
partnership, and with *notice of such dissolution*, taken the note
of one of the members of the firm under circumstances in respect
to which the court say "the facts not only fairly but necessarily
lead to the conclusion that the individual note of Doney was in-
tended and agreed to be considered as *payment* of the partner-
ship note," and the creditor afterwards induced the individual
partner to give back the firm note, and the defence was inter-
posed not by the partner who had treated with the creditor and
assumed the payment of the partnership debt, and afterwards
undertook to charge his former partners, but by one of the other
partners, so that the whole case turned upon the question
whether or not the note of one partner had been taken as payment
of the partnership debt; and was disposed of upon that ground.
In that event, Doney had no right to bind the firm by a new
contract with the plaintiff, he having notice of the dissolution,

which the plaintiff in this case had not. The case of *Waydell* v. *Luer*, (3 *Denio*, 410,) was decided upon the same principle. The plaintiff is, in my opinion, entitled to a judgment upon the verdict, upon the ground that the notes given by Dillaye in 1844, and upon which this suit is brought, must be considered and held, as against Dillaye, to be the notes of the firm, and that for all the purposes of this action, the joint liability of the defendants is sufficiently established. This is upon the assumption that by the giving of the individual draft and note of Dillaye and their acceptance by the plaintiff the partnership debt was paid and discharged as is claimed by the defendant. I do not, however, think the evidence shows this to be the fact. It must be considered as settled by the adjudications in this state that the notes of the debtor, or of a third person, will not be considered as any thing more than the conditional payment of an existing debt, unless it is proved that they were agreed to be taken absolutely as payment of such debt. (*Story on Pr. Notes*, § 404. *Arnold* v. *Camp. supra*.) The question in such cases is always whether the creditor *agreed to and did accept* the notes, either of the debtor or of the third person, as *payment* of the original debt. If he did not, the original debt is not discharged, and the remedy upon it is only suspended until the maturity of the notes received. (*Waydell* v. *Luer*, 3 *Denio*, 410, *and the cases cited by Lott, Senator*.) I can not, upon the evidence, arrive at the conclusion that the plaintiff intended to, or did agree to accept the individual obligation of Dillaye as payment of the partnership debt; and the act of Dillaye himself, who now insists upon the alledged payment, entirely repels every presumption arising from the other circumstances in the case. The plaintiff's agent was induced to believe that the note and draft given by Dillaye would be paid in a particular manner, and he took them and gave up the partnership notes, relying upon the assurance of Dillaye to that effect; and after the dishonor of the draft and the non-payment of the note Dillaye himself undertook to reinstate the plaintiff in the same situation in which he had been before, and to give him the liability of all the members of the firm, in the same form in which

---

Peckham *v.* Tomlinson.

---

he held it before this transaction; thus showing most clearly, that Mr. Dillaye did not understand that the plaintiff had taken his notes as payment of the partnership debt. For we can not suppose at the suggestion and for the benefit of Mr. Dillaye, who alone defends, that he contemplated a fraud upon his partners. At all events, he can not well insist that the partnership debt is paid by his own notes which have been surrendered to him in consideration that the firm should continue liable for the debt. The plaintiff is entitled to judgment on the verdict.

Judgment for the plaintiff.

SAME TERM. *Before the same Justices.*