ERNEST DOEBLING *et al.*, Appellants, *v.* CECILIA LOOS *et al.*, Respondents.

1. *Practice, civil — Instructions — Evidence — Account, note given in payment of — Receipt, — Jury.*—In a suit on an account, the mere acceptance by the plaintiff of notes given by defendant for the debt, and the giving of a receipt for the amount due, without further proof, does not constitute such evidence of payment as to warrant the court in sending the case to the jury.

*Appeal from St. Louis Circuit Court.*

*Van Waggoner*, for appellants.

I. Before the instruction in question could be given, it must appear that the notes were taken in satisfaction of the account. (McMurray v. Taylor, 30 Mo. 263.)

II. Only an express agreement and understanding between the parties will make a promissory note payment of an open account and extinguish the original debt; and the giving of a

receipt in full for the original debt is not evidence of such agreement. (Cole v. Sackett *et al.*, 1 Hill, 516; Muldon v. Whitlock, 1 Cow. 290; Frisbie v. Larned, 21 Wend. 450; Glenn v. Smith, 2 Gill. & J. 493; case of Thompson, 2 Browne, 297.)

*Beal*, for respondents.

The plaintiffs took notes of Louis Loos in payment. (2 Pars. Cont., ch. 3, p. 136; Sto. Prom. Notes, § 104; 21 Wend. 450.)

CURRIER, Judge, delivered the opinion of the court.

This is a proceeding to enforce a mechanics' lien. The plaintiff executed certain work for Louis Loos, deceased, and received the latter's four negotiable promissory notes in settlement, giving a receipt as follows: "St. Louis, July 15, 1866. Received of Louis Loos thirteen hundred dollars, in full of all my demand to date." One of the notes was paid, and the remaining three were offered to be surrendered at the trial; and it was shown that these had not been paid. The answer of Loos' administratrix alleged that the claim sued on had been paid and satisfied. In support of this issue the defendants read in evidence the aforesaid note and receipt, and rested. There was no other evidence given at the trial which had any tendency to prove the alleged payment. Doebling, the plaintiff, testified in the cause, and was inquired of respecting the settlement, but nothing was elicited which conduced to show a satisfaction of the claim beyond the fact of the acceptance of the notes and the giving of the receipt. He in fact testified that he was unable to read English, and was wholly unaware of the contents of the receipt, and that he did not regard the settlement as a satisfaction.

The court instructed for the defendants, upon this state of the testimony, that "if the jury believed from the evidence that the plaintiff, upon a settlement with Louis Loos, took the notes offered in evidence as payment in full for the account described in the petition, and executed the receipt read in evidence with the intention of closing the accounts and relying on the notes as security, then they should find for the defendants."

The plaintiff objected to the instruction; and the only question in the case demanding notice arises upon the action of the court in giving it. The objection to the instruction is that there was no evidence upon which to found it. The point is well taken. The mere acceptance of the notes and the giving of the receipt did not constitute such evidence of payment as warranted the court in sending the case to the jury. In other words, the acceptance of the notes and the giving of the receipt did not make even a *prima facie* case of payment.

The case at bar can not be distinguished in principle from that of McMurray v. Taylor, 30 Mo. 263, where it was held that the acceptance of the debtor's note for the amount due on an open account, and receipting for it, as taken in settlement of the account, did not constitute such evidence of payment as warranted the submission of the cause to the jury. In Frisbie v. Larned, 21 Wend. 452, Cowen, J., in discussing this subject, said: "The case is different from that where a party gives his own note for his own debt, which is accepted as in full. There, on default of payment, the creditor has his election to go back to the original cause of action on surrendering the note to be canceled. The note, in such cases, is not even *prima facie* satisfaction; but it is otherwise of a note against a third person transferred by the debtor, or a note procured from a third person as surety and accepted as satisfaction." This undoubtedly is a correct statement of the current doctrines governing transactions of the character mentioned, and harmonizes with the decision in McMurray v. Taylor. (See also 2 Pars. on Cont. 624; Sto. on Prom. Notes, § 104, 5th ed.; Peters v. Beverly, 10 Pet. 567.)

The judgment must be reversed and the cause remanded. Judge Bliss concurs. Judge Wagner absent.