Taylor, Executrix, v. Perry.

---

## TAYLOR, EXECUTRIX, *v*, PERRY.

[ACTION ON PROMISSORY NOTE AND ON ACCOUNT STATED, &C.]

1. *Revised Code, § 2523; what sufficient averment of interest of plaintiff, within meaning of.*—Where several counts in a complaint, on contracts for the payment of money, whether express or implied, follow each other in succession, and in the last of said counts it is averred "that all right to all of said claims became vested in plaintiff by delivery," such an averment is, under § 2523 of the Revised Code, a sufficient averment that the plaintiff is the party really interested in said several claims.

2. *Action against executrix; what amendment permissible.*—Where the action is against an executrix, and the complaint is on a note made by her, as executrix, to which a demurrer is filed, because it does not show any cause of action against her, as executrix, the complaint may be amended by adding counts, stating an indebtedness by testator, in his life-time, and striking out the count on the note described in the original complaint.

3. *Interest, payment of by executor on note of testator; when removes bar of statute of limitations and equivalent to presentation.*—Payments of interest by an executor or administrator on a note, made by the testator or intestate, in his life-time, before the bar of the statute of limitations is complete, are partial payments under § 2914, Revised Code, and will remove the bar to the suit, which, without such payments, would be a good defense to the action. Such payments are, also, an admission, on the part of the executor or administrator, that the claim had been duly presented.

4. *Promissory note given by executor, for debt of testator; effect of.*—A promissory note given by an executor or administrator, for a debt of the testator or intestate, is neither a payment nor an extinguishment of such debt. At most, it only suspends the right of action on the original debt, until the maturity of such note. The transfer of such a note by delivery, operates to pass to the holder the real interest in the original debt, and, under § 2523, Revised Code, authorizes and requires him to sue for its recovery in his own name.

5. *Payments of interest on new note; effect of, on original debt.*—Payments of

interest on such a note, are, in legal effect, partial payments upon the original debt, and preserve it from the influence of the statute of limitations.

APPEAL from the Circuit Court of Montgomery. Tried before Hon. JAS. Q. SMITH.

The action in this case was commenced by the appellee against the appellant, as the executrix of Jesse P. Taylor, deceased. The original complaint was on a note for $2,421 62-100, made by her, as executrix, &c., as aforesaid, on the 16th day of March, 1858, payable to W. B. S. Gilmer twelve months after date, with interest from date.

To this complaint a demurrer was filed by defendant; afterwards, but before said demurrer was disposed of, the complaint was amended by adding new counts and striking out the orignal complaint.

The amended complaint consists of five counts, numbered from two to six, inclusive. Count number two is the common count for $2,421 62-100, due from said deceased, in his life-time, to said Gilmer, for money loaned by him to said deceased. The third is for a like sum, on an account stated between the defendant, as executrix, &c., and said Gilmer, on the 16th day of March, 1858. The fourth states that deceased, in his life-time, was indebted to said Gilmer, in the sum of $2,421 64-100 for money loaned, and on the 16th day of March, 1858, an account was stated between said Gilmer and defendant, as executrix, &c., as aforesaid, and it was then ascertained and agreed that the said sum was the true proper claim of said Gilmer against defendant, executrix, &c., and in consideration thereof defendant, as executrix, &c., promised to pay it, and avers that all right to all of said claims became vested in plaintiff by delivery. The fifth is on a note made by deceased and Wm. Taylor to said Gilmer, on the 23d day of January, 1847, and payable on the first day of January, 1848, and avers that said note had been transferred by delivery of said note, and the interest therein was claimed by plaintiff.

The sixth is a special count, which states that on the 23d day of January, 1847, Jesse P. Taylor was indebted to said Gilmer in the sum of $2,421 64-100, and being so indebted, the said Jesse P. Taylor and Wm. Taylor, on said day, made to said Gilmer their promissory note for that sum, due the first day of January, 1848. That afterwards, said Jesse P. Taylor departed this life, and the defendant became his executrix; and the said note not being paid, said defendant, as executrix, Mary A. Taylor, Rosannah C. Taylor, Rosa J. Taylor and Wm. Taylor, on the 15th day of January, 1858, made their note to said Gilmer for $2,421 62-100, payable twelve months after date, with interest from date; that the sole consideration of said last named note was the said sum of $2,421 62-100,.due and owing by the estate of Jesse P. Taylor to said Gilmer on the 23d day of January, 1847, and for which the note of that date was given, and that said debt had never been paid, and avers that the indebtedness due by the estate of Jesse P. Taylor had been transferred to plaintiff by delivery; that he claimed the said sum of $2,421 62-100, with interest thereon.

The second, third and fourth counts follow each other consecutively, and the fourth count avers that all right to said claims became vested in the plaintiff by delivery.

To all these counts, except the fifth, demurrers were filed, and several causes of demurrer are assigned, varying in words, but in reality meaning the same thing, to-wit: that said counts do not show that plaintiff was the party really interested in the claim named in said counts respectively.

The sixth count avers that the indebtedness due by the estate of Jesse P. Taylor had been transferred to plaintiff by delivery, and he claimed the said sum of $2,421 62-100, with interest thereon.

The demurrers being overruled, the defendant pleaded two special pleas, both verified by affidavit—the first, that the amount of $2,421 62-100, alleged to have been due from the deceased, in his life-time, to the said Gilmer, and upon which the suit was founded, had never been transferred to the plaintiff.

Taylor, Executrix, v. Perry.

2d. That the note described in the fifth count had not been transferred to the plaintiff. To these were added six other pleas : 1st. The statute of non-claim ; 2d and 3d. The statute of limitations of three and six years ; 5th. Accord and satisfaction ; and 6th. The general issue, with leave to give in evidence any matter as if specially pleaded.

On all of these pleas the plaintiff took issue, except the third, to which he replied a subsequent promise. All, in short, by consent.

After this the parties went to trial on an agreed statement of facts, which may be stated as follows : It was admitted that deceased, Jesse P. Taylor, in his life-time, borrowed of said Gilmer the sum of $2,421 62-100, and gave his note, with Wm. Taylor, for the same, on the 23d of January, 1847 ; that after this, in December, 1851, said Jesse P. Taylor died ; that in the same month his executors took out letters testamentary, and in September, 1852, defendant qualified as executrix, and afterwards became sole executrix. Afterwards, on the 11th of March, 1853, the defendant, as executrix, paid the interest on said note, and continued to pay the interest thereon annually, until the 16th of March, 1858, on which day said Mary A. Taylor, as executrix, &c., Mary A. Taylor, Rosannah C. Taylor, Rosa Taylor and Wm. Taylor gave their note for $2,421 62-100 to said Gilmer, payable twelve months after date, with interest from date, for the said note of Jesse P. and Wm. Taylor, made on the 23d of January, 1847, for the money borrowed as aforesaid ; that upon the receipt of said note, so made by Mary A. Taylor, Rosannah C. Taylor, Rosa Taylor and Wm. Taylor, the said Gilmer surrendered to said Mary A. Taylor, as executrix, the note given to him by Jesse P. and Wm. Taylor ; that said executrix, Mary A. Taylor, defendant, paid the interest on said note so made by her as executrix, and the other parties named, until March the 16th, 1864 ; that subsequently, said note was transferred to plaintiff, who, on the 16th day of June, 1868, brought suit on the said note, and at the same time, and to the same court, brought suit on said note against

Taylor, Executrix, v. Perry.

said Mary A. Taylor, Rosannah C. Taylor and Wm. Taylor; that at the January term of said court, 1870, the complaint in this case was amended by adding special counts on the original consideration of said note, made by Jesse P. and Wm. Taylor, on the 23d of January, 1847, and striking out of the complaint the count on the note, made by said Mary A. Taylor, executrix, Rosannah C. Taylor, Rosa Taylor and Wm. Taylor, constituting the original complaint, and the cause was continued. At the same term judgment was recovered by the plaintiff against Mary A. Taylor and Wm. Taylor on said note, made in 1858; that execution had been issued on said judgment, and that said note, made in 1858, was offered and read in evidence. This was all the testimony. On these facts, the court charged the jury that if they believed all the evidence, they must find for the plaintiff. To this charge the defendant excepted, and her bill of exceptions was duly signed and sealed, &c. The jury found for the plaintiff, and judgment was rendered accordingly.

The defendant appealed. The assignments of error, although nine in number, really consist of three only, to-wit : 1. Permitting the original complaint to be amended; 2. Overruling the several demurrers of the defendant to the 2d, 3d, 4th and 6th counts of the complaint; and 3d. The charge of the court to the jury.

JNO. W. A. SANFORD, and ELMORE & GUNTER, for appellant.

MARTIN & SAYRE, contra.

[No briefs came into the Reporter's hands.]

PECK, C. J.—1. Section 2809 of the Revised Code, and the construction it has heretofore received in this court, fully justified the amendment of the original complaint in this case.—*Crim's adm'r v. Crawford*, 29 Ala. 623; *Zeigler & Hall v. David*, 23 Ala. 127; *Jemison v. P. & M. Bank*, 23 Ala. 168; *Gayle v. Bancroft's adm'r*, 22 Ala. 316.

2. Demurrers were filed to all the counts except the

Taylor, Executrix, v. Perry.

fifth, the ground being that the counts did not show that the plaintiff was the party really interested in the claim sued on in the several counts respectively.

It must be admitted that these counts are not framed as skillfully and artistically as they might be, nor has the pleader used the most appropriate language to express his meaning.

Section 2523, Revised Code, declares that every action founded upon a promissory note, bond or other contract, *express or implied*, for the payment of money, must be prosecuted in the name of the party really interested, whether he have the legal title or not. If the averments in these counts do not mean that the claims, described therein, belong to the plaintiff, that he is the party really interested in them, it is very certain they do not mean any thing else, and are then insensible, without meaning and void; but we are not prepared to say this. Although greatly wanting in perspicuity and precision, we think, reasonably interpreted, they mean that these claims belonged to the plaintiff; that he is, in the language of the Revised Code, "the party really interested." So interpreted, the said demurrers were correctly overruled.

The certainty required in declarations and pleas is, that the facts which constitute the cause of action, or ground of defense, are to be so stated that they may be understood by the party who is to answer them, by the jury who is to ascertain the truth of the allegations, and by the court which is to give the judgment.—1 Ch. Pl. 233. It seems to us this is done in these counts, and that the language of said averments was not misunderstood by the defendant. Mr. Chitty says, there are cases where the courts have overruled a demurrer, yet they have directed the plaintiff to amend so that no deviation from the usual form shall appear to have been sanctioned.—1 Ch. Pl. 233, *supra.* The Revised Code requires no particular form of words to be used, therefore, any words may be used that show that the plaintiff is the party really interested in the claim, the foundation of the action.

3. All that remains is to determine whether the charge of the court is or is not correct. After a careful examination of the facts agreed upon, and their application to the issues made up by the parties, I am satisfied the said charge is free from error.

The debt described in all the counts of the amended complaint, and sought to be recovered of the defendant, as the executrix of Jesse P. Taylor, deceased, originated in a loan of $2,421 62-100, made by said Gilmer to said deceased, on the 23d of January, 1847, for which debt the deceased, with Wm. Taylor, made his note, payable to said Gilmer. On this note, after the death of said Jesse P. Taylor, in 1851, to-wit : on the 11th day of March, 1853, the defendant, as executrix, &c., paid the interest, and continued to pay the interest annually on the same until the 16th of March, 1858.

It may properly be said here, that this debt was not barred by the statute of limitations when the interest was first paid, deducting the six months, when no suit must be commenced against an executor or administrator as such. § 2276, Revised Code. Furthermore, the payments of the interest, by the defendant, were partial payments, before the bar of the statute was complete. This was evidence of a continuing contract by the party sought to be charged, (§ 2914, Revised Code,) and was, also, an admission on the part of defendant, as executrix, that the debt had been duly presented. As to the plea of the statute of three years, it was not applicable to this debt, because it was not an open and unliquidated account.

On the 16th day of March, 1858, the defendant, as executrix, &c., with the other persons named, made her note for $2,421 62-100, to the said Gilmer, payable twelve months after date, with interest from date, for the said note of Jesse P. and Wm. Taylor, made on the 23d of January, 1847, and upon the receipt of this note the said note of Jesse P. and Wm. Taylor was surrendered to said Mary A. Taylor, executrix, &c., as aforesaid, and on said last note, the note made in 1858, said executrix paid the inter-

est annually, until the 16th day of March, 1864. Said last note was neither payment nor an extinguishment of the said debt secured by the said note of Jesse P. and Wm. Taylor.—*Mooring et al. v. Mobile Dock and Marine Insurance Co.*, 27 Ala. 254; Parsons on Notes and Bills, 2 vol. 153, 155. It suspended the right of action on the original debt until the maturity of said note, (2 Parsons on Notes and Bills, *supra*,) and was evidence of an account stated between the creditor and the executrix. On a count, averring an account stated between the creditor and defendant, as administrator or executor, and that in consideration thereof the defendant, as executor or administrator, promised to pay, &c., does not charge him personally. 2 Williams on Executors, 1507; 4 Am. from last London edition. The payments of the interest on said last named note, the note of 1858, were, in legal effect, partial payments upon the original debt, thus preserving the original debt from the influence of the statute of limitations, to the 16th of March, 1864, when the interest was paid for the last time; from that time to the commencement of this suit but little more than four years transpired. This disposes of the defenses of the statute of limitations and non-claim.

The said note, made the 16th of March, 1858, was transferred to the plaintiff, and was a part of the evidence in the case. This transfer, we hold, operated to constitute the plaintiff the party really interested in the said debt, for the payment of which it was made, and authorized and required him to sue in his own name.—§ 2522, Revised Code. The judgment recovered on said note, against Mary A. Taylor and Wm. Taylor, and execution issued thereon, without satisfaction, was no extinguishment of the original debt of said Gilmer on Jesse P. and Wm. Taylor, (2 Parsons on Notes and Bills, 155,) and, consequently, no defense to this action.

On the facts agreed upon between the parties, it seems to us the plaintiff was entitled to recover, therefore the court below committed no error in so charging the jury.

The judgment is affirmed, and the appellant will pay the costs.

NOTE BY THE REPORTER.—At a subsequent day of the term, appellant's counsel applied for a rehearing, and filed in support thereof the following argument:

Although the statutes of amendment in force are of the most liberal character, they still have limits. For instance, entirely new parties can not be made.—*Leaird v. Moore,* 27 Ala. 326. Nor can a party be sued in a special character, and a judgment be entered against such party generally.—*Bob Taylor v. Taylor,* 43 Ala. 649. Nor can the nature of the action be changed, or an altogether different cause of action be substituted for that upon which the suit is brought.—*Harris v. Hillman,* 26 Ala. 380; *Crim v. Crawford,* 29 Ala. 726. Certainly, a note made by four persons in 1858, is a very different note from one made in 1847 by two persons, and only one of the latter being a maker jointly with the makers of the former. Not only so, but the very consideration of the latter note was substituted for the note first sued upon. If the action had been commenced on a bond, could this instrument be stricken out, and a note substituted for it? Certainly not. Yet the substitution of notes, as the consideration of notes made by other persons than those originally sued, is no less a change.

When a debtor gives a promissory note for payment of his indebtedness, the creditor, at the maturity and non-payment of the note, may sue on the account. But in this case the debt is contracted, and the note is given by the same party. Nor, in such a case, will an unsatisfied judgment be a discharge from the debt. But in the case at bar this principle does not apply. The note for which the substituted note was given, was extinguished by the fact that new parties were accepted in lieu of the old. A vendor of land has a lien, but if he takes personal security for the purchase money, it is lost. This is on the ground that he no longer looks to the land for the payment of his debt, and that the waiver of his lien is the consideration of the

Taylor, Executrix, v. Perry.

note on which a maker is bound who receives no benefit. Why should not the same rule apply when new parties are taken as sureties and makers of a note, in the place of the one made by the original debtor? It is an agreement that if certain named persons will join in a note, the one already existing, as the note of the debtor, shall be discharged. This is just. Otherwise, there would be no consideration for the note which was accepted and regarded by all parties as valid. When a partnership note is surrendered for that of one member of the firm, it is a payment of the note so surrendered.—*Arnold v. Camp*, 12 Johns. 409; *Holmes v. Drake*, 1 Johnson, 34. Why should not the same principle apply in the case when four parties, three of whom have no connection with the original transaction, give their note for the one made by the original debtor? If the note of one person will pay the note given by a partnership, why should not the note of four persons pay the note of two? The reason seems, in the latter case, to be stronger than in the former, because additional, instead of less, security is given.

When a note is given as a collateral security, and is transferred by the creditor, it operates as a payment of the original note.—*Cocke v. Chaney's adm'r*, 14 Ala. 66. When a new note is given for an old one, and it is transferred by the creditor, it should operate as a payment of the note surrendered. That was the fact in this case.

BY THE COURT.—The rehearing is denied.