## Case No. 6,925.

### In re HURST.

[1 Flip. 462; [1] 13 N. B. R. 455; 8 Chi. Leg. News, 147; 3 Cent. Law J. 78.]

Circuit Court, E. D. Michigan. Jan. 20, 1876.

RECEIPTS FOR MONEY—WHEN BINDING — COMPOSITION—AGREEMENT TO ACCEPT INDORSED NOTES —PAYMENT BY NOTE—DEBTOR NOT DISCHARGED TILL ACTUAL PAYMENT—THE LEARNING ON RECEIPTS.

1. Where a composition was agreed upon under the provisions of the bankrupt act, providing that payment should be made in indorsed promissory notes, it was sustained on the ground that this meant a payment of money under the statute.

2. The words "received in full payment," "received in full satisfaction," or words similar in sense, are not to be construed as meaning absolute satisfaction, when applied to the taking of a note or other security. This is a question of fact and intention to be deduced from all the circumstances.

[Cited in The Theodore Perry, Case No. 13,-879.]

3. A resolution of composition will not have the effect of discharging the debtor until the dividend is paid, in fact, to the creditor.

[Cited in Jaffray v. Crane. 50 Wis. 352, 7 N. W. 300; Pupke v. Churchill, 91 Mo. 81, 3 S. W. 831; Harrison v. Gamble, 69 Mich. 107, 36 N. W. 687.]

4. Every instrument must be so construed as to effectuate the presumed intention of all parties. The learning on receipts taken for antecedent debts, and the legal effect of receipts in general, discussed.

[In review of the action of the district court of the United States for the Eastern district of Michigan.]

[In bankruptcy. In the matter of James T. Hurst.] This was a proceeding under the bankrupt act between debtor and creditor, to compromise the former's indebtedness. A "resolution of composition" having been adopted by which the creditors agreed "to accept the sum of twenty cents on the dollar in full satisfaction and discharge, provided the said sum be paid as follows: six-month notes of the debtor indorsed by," etc., "as security," the district court on the motion made an order to record the same. E. K. Roberts & Co., creditors, having re-

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

fused to sign the resolution, filed a petition to review the said order on the ground that it did not provide for payment in money.

Julian G. Dickinson, for creditor.
Wm. Jennison, for bankrupt.

EMMONS, Circuit Judge. The only error urged upon this bill of review is that the resolution of composition provides for a payment in indorsed promissory notes, whereas the statute requires it shall be in money. Literally interpreted it is subject to the criticism made. It does provide expressly that the payment shall be made by the delivery of certain indorsed promissory notes. If we can not construe this to mean a payment in money, the "resolution" must be rejected. We think, without any violation of familiar rules of interpretation, we can read this language as importing such payment, notwithstanding its apparent literal meaning to the contrary. The circumstances in which these words are employed, show that the word "payment" is not to be understood in its literal absolute signification.

Did not peculiar circumstances constrain us to put in accessible form the reasons for our ruling, we should not, pressed as we are with other duties, feel obliged to do so. We are informed, however, the legality and effect of these proceedings are questioned in other tribunals; and we assume that the construction which we give them here will be adopted there. In the midst of jury trials, acting also for the district judge, to dispose of a long list of certified admiralty cases, as well as those upon appeal and the whole business of the bankruptcy court, it is impossible for us to do more than simply link together what are mere memoranda from which our oral judgment was delivered. The few moments we can spare from three sittings a day will not enable us to condense these suggestions or avoid considerable repetition. What little we have done could by no possibility have been accomplished had we not received some very exceptional and very efficient aid from the learned counsel of the bankrupt.

Had the resolution come before us in different circumstances, and where, without great injury, we could have caused another to be adopted in its stead, we should have preferred its rejection on account of the impolicy of sanctioning doubtful terms when it is so easy to comply with the provisions of the law. Litigation is naturally created by such ambiguities, and has actually resulted from them in the present instance. It is with great reluctance that we sustain the practice in this case, notwithstanding the many precedents found in the books for construing similar words as we now interpret these. We have much reason to believe that had this point been argued before the district court the proceedings would have been remitted to the creditors, and a new resolution required. We hesitated indeed, whether, owing to the practice in that court, we could listen to the objection at all.

We deem it unnecessary to discuss the doctrines, much less cite adjudications in reference to the interpretation of statutes and contracts generally, where the decisions are so numerous in reference to the very words employed in this resolution and the subject matter with which it deals. They are but illustrations of the familiar general rule on which they rest, that every instrument must be construed to effectuate the presumed intention of the parties. It is so in deeds, wills, personal covenants, and even judgments and statutes. In reference to them all, the same language in numerous instances has been held to bear wholly different meanings, according to the circumstances in which it is employed. The hearing upon this subject is so full and so familiar that its citation and discussion would be quite out of place. We shall do no more than refer to a very small portion of the very great number of English and American judgments which have declared that the words "payments," "in satisfaction of," "in full discharge of," and numerous other similar expressions, when contained in receipts and other instruments in reference to antecedent and liquidated obligations operate to discharge them, or the contrary, just as the circumstances in which they are used indicate intention, and as justice demands. The receipt of a promissory note in payment of an antecedent debt, when a suit is brought by the creditor against his debtor in all the states of the Union where they profess to follow the common law, is held not to discharge the original obligation. This result is declared in various forms of expression. It is sometimes said to be a conditional payment; at others, that the word payment is not to be understood in its technical sense, but is intended only to evidence the amount to be paid. In those states where a different rule is established they concede it to be peculiar. If the same receipt is given in circumstances where it is quite clear that the parties intended to satisfy absolutely an antecedent debt, as where financial adjustments demand that a mortgage should be discharged, a judgment satisfied, a retiring partner who leaves the assets of a firm in the hands of his previous associates, and numerous other instances where the nature of the transaction shows that the actual satisfaction was intended; in all such instances these words "in payment of," or "in satisfaction of," will be ruled to import what they literally mean. In the construction which we give this resolution, holding as we do that it does not mean the delivery of the promissory notes as payment and a discharge of the debtor, we do not approbate the extreme expressions in several of the cases on this subject which hold that there must be an express agreement in terms to

accept a note in satisfaction before it will operate as such. It is mere matter of interpretation in each instance, controlled by the circumstances in which the agreement is made.

1 Smith, Lead. Cas. (7th Am. Ed.) 613, cites a long list of cases and deduces from them the general principle which the author supposes they sustain. After saying that the transfer by a debtor to his creditor of the note of a third person will discharge his obligation, if such is shown to be the intention, and that such intention must appear by the express agreement of the parties, and will not be implied by the mere act of transfer, adds (page 613), that "merely receipting the notes as cash, or giving a receipt in full, or receipting the notes as being payment of the debt, will not alone be sufficient to prove that the notes were taken, not as conditional payment, but as an immediate and absolute discharge." McIntyre v. Kennedy, 29 Pa. St. 448. The check of a third person was delivered to plaintiff in payment of an antecedent debt. It does not appear that a written receipt was given, but the whole case proceeds on the assumption that, in terms, it was delivered in payment. Woodward, J., on a very full review of the English and American cases, approbating the summary which we have quoted from the American edition of Smith's Leading Cases, lays down the general doctrine that there must be either an express agreement to receive in payment, or facts aliunde from which such an understanding is clearly to be implied. M'Lughan v. Bovard, 4 Watts, 308. A draft in this case was received "for the amount then due on the above judgment." Gibson, J., in deciding that it was not a satisfaction of a judgment, on page 315, says: "A note or bill taken in satisfaction of a precedent debt imposes no further duty on the creditor than to use reasonable diligence in obtaining payment or acceptance by presenting it in season, and giving notice of its dishonor to the debtor from whom it was had, if he be a party to it." Tobey v. Barber, 5 Johns. 68. In this case the receipt was very positive in its terms. It read: "Received of Barber $163 on account of within lease, and in full for the second and third quarter's rent." It was held to be sufficient to explain this receipt, and to show that the rent was not paid, by simply proving that it was given for the note of a third person, and that the note was dishonored. Johnson v. Weed, 9 Johns. 309, illustrates with what fullness the courts have held this question to be one of mere construction, in the light of the circumstances in which the language of receipts and other contracts have been written. It is conceded everywhere that where goods are sold and the note of a third person is contemporaneously delivered in exchange, the presumption of law prima facie is that it is absolute satisfaction. In this case, however, a jury having found that the delivery of a note in payment of goods bought at the time, was not intended by the parties to be absolute payment, the court refused to set aside the verdict; and see Roget v. Merrit, 2 Caines, 117. In Berry v. Griffin, 10 Md. 27, it was held that a request to charge which implied that as a matter of law the reception of a note in payment of a debt was per se an absolute satisfaction, was erroneous. It might or might not be payment in fact, according to the conditions on which the receipt was given. Perit v. Pittfield, 5 Rawle, 166, was a case where property was delivered "in payment of debt." Although the word payment was used, looking to the nature of the transaction, it was held not to be such. Other parts of the case illustrate the liberality of the interpretation which courts will indulge, in order to carry out what the parties intended.

There is a class of cases which decides that where upon dissolution of a copartnership the paper of one member is taken for the debt of a firm, the same words which would not import payment in other circumstances are construed to do so in these. These judgments will illustrate the principle we have assumed that no form of words will secure the same interpretation in all instances. When the motive is to discharge one of several debtors when the other assumes the control of the assets of the business, language indicating discharge and satisfaction will be interpreted so as to effectuate the presumed intention of the parties. 1 Smith, Lead. Cas. (7th Ed.) pp. 613, 614, refers to a number of these judgments. Van Eps v. Dillaye, 6 Barb. 244, cites and approves 12 Johns. 409, and other cases, which hold that when the paper of one member of a firm is given in payment of a partnership debt, where the other member retires and relies upon the discharge of his obligation, it will be deemed absolute payment. It decides, nevertheless, even in such cases, that where there are facts aliunde showing it was not so intended by the parties, such consequences will not follow, and the verdict of a jury finding there was no payment, was not disturbed. And see Harris v. Lindsay [Case No. 6,124]; Doebling v. Loos, 45 Mo. 150. In an action to enforce a lien it was urged that the account was paid by note. The receipt given was as follows: "Received of Loos $1300 in full of all my demands to date." It being the note of the debtor, the receipt, it was said, was not sufficient evidence to submit it to the jury. Had the circumstances been different, the words might have been differently interpreted. Those before us in reference to this "resolution" are quite as strong as those in 45 Mo. And see Archibald v. Argall, 53 Ill. 309, which held on proper testimony that it was a question of intention for the jury, notwithstanding the form of papers. The following very recent judgments equally sustain the principle of

the cases we have already more particularly noticed: Lear v. Friedlander, 45 Miss. 559; Huse v. McDaniel, 33 Iowa, 406; Jewett v. Pleak, 43 Ind. 368; Matteson v. Ellsworth, 33 Wis. 488.

No state has more fully applied the doctrine than Michigan. It is with much propriety that we adopt one of its rules of interpretation for this resolution—being, as it is, the language of its business men. Gardner v. Gorham. 1 Doug. (Mich.) 507. A note and mortgage were received "in payment for goods." Upon the trial, evidence tending to show it was not intended to receive them in satisfaction, was excluded. In reversing the judgment for this reason the court by Whipple, J., at page 510, after laying down the general rule in the most stringent form, say: "It is applicable alike to a case where the note of the debtor or of a third person is taken." He cites 9 Johns. 310, and Owenson v. Morse, 7 Term. R. 64. Hotchin v. Secor, 8 Mich. 494, also goes upon the ground that it is a mere interpretation of the language used by, and the conduct of, the parties. Dudgeon v. Haggart, 17 Mich. 273, and Burchard v. Frazer, 23 Mich. 228, announce the same principle.

The English doctrine is quite as stringent as the American. In Kearslake v. Morgan, 5 Term R. 513, a note was received "for and account of the debt." Not being paid, and the collateral circumstances failing to show an intention to discharge, it was held that an action could be maintained for the original consideration. This case is cited in Sard v. Rhodes, 1 Mees. & W. 152, with approval, and distinguished, from the facts before the court, where it appeared by plea that the note was received in absolute satisfaction. Griffith v. Grogan, 12 Cal. 317, approves the general principle that a promissory note of a third person is not payment unless so expressly agreed, and says such is the English law, citing the earlier cases on that subject.

The federal cases are equally full to the same point. Maze v. Miller [Case No. 9,362]. A receipt was given "in full for property sold." Upon proof that a payment was made by note of a third person which was unavailable, it was held the receipt was no bar to an action. The language of the instrument was quite as strong as that before us. See, also, Harris v. Lindsay [supra]; Peter v. Beverly, 10 Pet. [35 U. S.] 558, 567. An executor gave his note for a debt due from the estate. In deciding it was no payment, Thompson, J., says, "That in no case is the giving of the note of a third person for preexisting debt, payment, unless it is expressly so agreed, or is clearly to be inferred from the facts of the transaction." He cites, with approbation, 11 Johns. 513; 14 Johns. 404; Glenn v. Smith, 2 Gill & J. 493; Clopper v. Union Bank, 7 Har. & J. 92, in which written receipts declaring the paper was received in payment, were construed to be conditional payment only.

Glenn v. Smith is one of the leading cases, and perhaps is as fully argued as any in the books. The question was, whether certain endorsed notes constituted payment for the property in question. The receipt given was "for two promissory notes signed by herself and indorsed by Glenn & Co., in payment of the above account." After a very full review of the English and American adjudications down to the day of the judgment, it was held that the word "payment" would be interpreted to mean conditional payment only. The peculiar facts of the case are relied upon to sustain this reading of the instrument.

See, also, Gordon v. Price, 10 Ired. 385; The Chusan [Case No. 2,717]; deciding that the giving of a note was not to be considered as a satisfaction of the cause of action, says such is the law of New York, that of England and so far as he (Justice Story) was informed, of every state in the Union, Massachusetts and Maine excepted. See, also, Kimball v. The Anna Kimball [Id. 7,772]; same case, on error, in 3 Wall. [70 U. S.] 44; Baker v. Draper [Case No. 766]; and Downey v. Hicks, 14 How. [55 U. S.] 240.

In view of the many precedents for construing the words of this resolution in conformity with the requirements of the statute, and holding that they do import a payment in money, we feel confident it is our duty to do so. It is part of a statutory proceeding in which any other meaning is unlawful. If it does not mean this, it is not within the statute at all. It prohibits any other payment but one in money. Predicaments are presented in which that canon of construction is applicable when the instrument is to be saved, if by any possible interpretation it can be. To use the language of another judgment, "it is our duty to approach the line where interpretation ends, and interpolation commences."

There is no danger to creditors, resulting from such a construction. The composition will not be effective to discharge the debtor unless the amount agreed upon is actually paid. See In re Reiman [Case No. 11,675]; In re Hatton, 7 Ch. App. 723; Edwards v. Coombe, L. R. 7 C. P. 519; and the numerous American and English adjudications which hold that in all similar cases deeds of composition, and accord and satisfaction, must be completely executed in order to be operative. The order of the district court to record the "resolution" is affirmed, without costs to either party, as against the other.