## Case No. 8,753.

### In re McDONALD.

[14 N. B. R. 477;[1] 24 Pittsb. Leg. J. 42.]

District Court, W. D. Pennsylvania. Oct. 24, 1876.

PRINCIPAL AND SURETY — ASSENT TO DISCHARGE OF MAKER OF NOTE — RELEASE OF SURETY — BANKRUPTCY — INTERVENTION BY CREDITORS — CLAIM STRICKEN OUT.

If the holder of a note assents to the discharge of the maker, without the consent of the indorser, this releases the indorser. Creditors will not be allowed to intervene, after the return day, to prosecute specifications filed by a creditor whose claim was stricken out after the filing of such specifications.

[Cited in brief in First Nat. Bank v. Wood, 53 Vt. 493.]

Exceptions to the report of Register Shafer.

KETCHUM, District Judge. J. Sharp McDonald made his note to the order of David A. McDonald, who indorsed it for the accommodation of the maker, and the maker delivered it for value to David Hendrie. J. Sharp McDonald failed to pay the note, and it was regularly protested, and notice given to the indorser, David A. McDonald. J. Sharp McDonald went into bankruptcy, but was not able to pay the required percentum for a discharge. He procured the written consent of the statutory number and value of his creditors, and was discharged. Among those who signed the consent were Hendrie, the holder, and David A. McDonald, the indorser; but without any agreement or consent by the indorser that Hendrie should sign the consent. Hendrie signed the consent before McDonald. David A. McDonald, the indorser, then went into bankruptcy. Hendrie proved the balance of the claim against his estate, and objected to his discharge. David A. McDonald petitions this court to expunge the claim of Hendrie from the list of provable debts.

The register rejects the claim of Hendrie, on the ground that he released the indorser by consenting and contributing to the discharge of J. Sharp McDonald, the maker of the note. Hendrie, the holder, excepts to the report, and, in support of the exception, cites section 5118 of the bankrupt law [Rev. St.] which declares that "no discharge shall release, discharge, or affect any person liable for the same debt, for or with the bankrupt, either as partner, joint contractor, indorser, surety, or otherwise." And he also urges that, because the indorser consented also to the discharge of the maker, he is estopped from setting this up against his liability as indorser.

I think this section of the bankrupt law, only applies to the discharge in bankruptcy merely, and cannot be held to refer to and have in view any act of the parties affecting a release of liabilities at common law or in equity, and therefore does not affect this

[1] [Reprinted from 14 N. B. R. 477, by permission.]

question. Again, while David A. McDonald's consent contributed to the discharge of J. Sharp McDonald, it did not in any way affect his own liability as indorser to Hendrie, the holder, unless it increased it by leaving him without recourse to the maker. He was under no contract with Hendrie by which he was restrained in law or equity from consenting to J. Sharp McDonald's discharge. But Hendrie, by a well-known principle of law, restraining the holder of the note from doing anything to change the position of the maker, by consenting and contributing to the maker's discharge, ipso facto, released David A. McDonald, the indorser, from all liability on the note. The fact that the claim against the indorser was merged in a judgment regularly obtained makes no difference. The relation of the ·parties remains the same.

It is objected that the bankrupt, David A. McDonald, is not competent to move to strike off the proof of the debt. He clearly does it in the interest of the creditors, and, in good faith, is bound to see that no debt is paid which is not entitled to payment. He is therefore competent.

The exceptions are overruled and the report of the register confirmed.

PER CURIAM. In re D. A. McDonald, after the decision in the above case, petitions of creditors were filed asking to be allowed to intervene, long after the return day of the rule to show cause why the bankrupt should not be discharged, and to try the specifications of objections filed by D. Hendrie, whose claim to be a creditor was rejected. These petitions, after argument, were dismissed by Judge Ketchum.