HINMAN (UNITED STATES v.). See Case No. 15,370.

## Case No. 6,525.

### In re HINSDALE et al.

[6 Ben. 231;[1] 12 N. B. R. 480; 1 N. Y. Wkly. Dig. 127.]

District Court, S. D. New York. Nov., 1872.

REGISTER'S FEES—SECOND MEETING—TRUSTEE.

If a trustee, who has been appointed under the 43d section of the bankruptcy act [of 1867 (14 Stat. 538)], call a second general meeting of the creditors, the fees of the register incident to such meeting are not chargeable against the estate.

The register in this case certified to the court that the property of the bankrupts [Richard H. Hinsdale and Edward E. D. Doughty] had been, pursuant to the 43d section of the bankruptcy act, conveyed to a trustee, to be distributed under the direction of a committee of the creditors; that the question had arisen whether the estate was liable for the fees of the register incident to a second general meeting of the creditors; and that, in his opinion, the estate was not so liable.

## Case No. 6,526.

### In re HINSDALE.

[9 Ben. 91;[2] 16 N. B. R. 550.]

District Court, S. D. New York. April 24, 1877.

ENFORCING A COMPOSITION — ENJOINING SUITS BY CREDITORS.

1. Under Act June 22, 1874, § 17 (Stat. 182), authorizing the court to enforce the provisions of a composition in a summary manner, on mo-

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

tion, it can enforce only the executory provisions of the composition.

[Cited in Pubke v. Churchill (Mo. Sup.) 3 S. W. 831.]

2. The taking by a creditor of the money and notes provided for by a composition is not an executory provision which can be so enforced, nor can the court, after the time for paying the composition has passed, enjoin a creditor who refuses to accept the money, from suing the debtor for his bill.

[Cited in Re Nebenzahl, Case No. 10,074; Re Waitzfelder, Id. 17,048.]

3. But, while the composition is pending, the court may enjoin a creditor from suing the debtor on an unsecured debt set forth in his statement; and the composition is pending until all notes given for it fall due.

[Cited in Re Tifft, Case No. 14,031.]

In bankruptcy.

W. S. Palmer, for debtor.

Bell, Bartlett & Wilson, for Kayne, Spring, Dale & Co.

Henry M. Walker, for L. M. Bates & Co.

BLATCHFORD, District Judge. In this case a petition in involuntary bankruptcy was filed against the debtor on the 25th of January, 1877. No adjudication of bankruptcy has been made. The debtor filed a petition on the 9th of February, praying for a meeting in composition. A meeting was ordered and such proceedings were had that a composition was proposed and accepted. It was confirmed by the court, by a final order, on the 10th of March, 1877. The terms of the resolution of composition are: "That the payment of thirty-five cents on the dollar of the debts due from the said Richard H. Hinsdale to his creditors respectively, to be paid in money at the times herein stated, and to be evidenced and secured in the manner following, that is to say, one-third thereof to be paid in cash within thirty days from the entry of the order directing the composition resolution to be recorded, and the schedules exhibited to the meeting of creditors filed, the balance to be paid in two equal instalments, at three and six months from February 15th, 1877, to be evidenced by the notes of said Richard H. Hinsdale, the last note to be endorsed by Thomas Lord, Jr., of Huntington, Long Island, who is satisfactory, as endorser, to the undersigned, shall be and is hereby accepted by the undersigned in full satisfaction and discharge of the debts due and owing to them from said Richard H. Hinsdale."

The debtor now applies to the court for an order requiring four of his creditors, namely, L. M. Bates & Co., Moore, Tingue & Co., Kayne, Spring, Dale & Co., and Cresswell, LaLanne & Co., to accept the composition. The terms of the application as to the first three of the creditors are, that the court will require them "to accept and be bound by said composition," and to "release and discharge all property" they "may have belonging to said Hinsdale," and to "discontinue all suits and actions pending against him" upon their claims therein. The terms of the application as to the fourth creditor are, that the court will require them "to accept, receive and be bound by the composition resolution and proceedings herein and for leave to pay the money and deposit the notes coming to" them "into court." It is shown, that, within thirty days after the 10th of March, the debtor tendered to the four creditors respectively the proper sums of money and the proper notes provided for by the resolution of composition, and that such tenders were not accepted.

Cresswell, LaLanne & Co. have not proved their debt. Moore, Tingue & Co. proved their debt in the composition proceedings. Kayne, Spring, Dale & Co., proved their debt in the composition proceedings, and are recorded as being represented at the meeting, but they took no other part in the proceedings. They now set up, in opposition to the application of the debtor, sundry matters on which they rely as tending to show that the composition is one which ought not to have been confirmed; that the debt of the debtor to them was contracted by fraud, and that they do not desire to take their dividend in composition, because they prefer to come in for their dividend under a voluntary assignment made by the debtor, in Pennsylvania, of property of his in that state.

L. M. Bates & Co. did not prove their debt in the composition proceedings. They have commenced attachment proceedings in Pennsylvania against property of the debtor, and also an action in that state against him, to recover their demand. Their attachment proceedings were commenced on the 9th of January, 1877. On the 22d of February, 1877, they obtained a judgment against the debtor in a state court in Pennsylvania, and made a levy on a stock of goods there. They claim that their judgment relates back to the date of their attachment; that the composition cannot affect the security they hold; that, as there has been no adjudication in this case, and no assignee in bankruptcy has been appointed, this court has no possession of, or jurisdiction over, any assets in Pennsylvania; that to enjoin L. M. Bates & Co. now will deprive them of their rights under the laws of Pennsylvania; that the debt to them was contracted by fraud, and will not be discharged by the composition proceedings; that they have proved their debt under the assignment in Pennsylvania, and the estate there will pay fifty-five per cent.; and that the composition here was not and is not for the best interest of all the creditors.

By the statute (Act June 22, 1874, § 17; 18 Stat. 182), the debtor is to propose a composition. The creditors are to pass a resolution to accept the composition and are to confirm such resolution. The court is then to confirm the composition. The statute contains these provisions: "The provisions of a composition accepted by such resolution in pursuance of this section shall be binding on all the creditors whose names and addresses.

and the amounts of the debts due to whom are shown in the statement of the debtor produced at the meeting at which the resolution shall have been passed, but shall not affect or prejudice the rights of any other creditors. * * * Every such composition shall, subject to priorities declared in said act, provide for a pro rata payment or satisfaction, in money, to the creditors of such debtor, in proportion to the amount of their unsecured debts, or their debts in respect to which any such security shall have been duly surrendered and given up. * * * The provisions of any composition made in pursuance of this section may be enforced by the court, on motion made in a summary manner by any person interested, and on reasonable notice; and any disobedience of the order of the court made on such motion shall be deemed to be a contempt of court."

It is contended, for the debtor, that the court has power to grant the application now made. and to enjoin the creditors from doing anything except to receive and accept the money and notes, and that, in doing this, the court will be enforcing the provisions of the composition. On the part of the creditors it is urged, that there are not found in the composition in this case, any provisions which are enforceable against a creditor; and that the court cannot compel a creditor to do an affirmative act which is not provided for in the resolution of composition and is not thereby specifically agreed by the creditor to be done.

I am of opinion, that, when the statute says that the court may enforce, on motion made, in a summary manner, "the provisions of any composition," it extends only to the executory provisions of the composition—to those things which the resolution of composition provides shall be done in the future by some one named in it, as specific affirmative acts. Thus, if the resolution of composition provides that the debtor shall pay money or give promissory notes to the creditors, or that the debtor shall execute a deed of trust or a conveyance or mortgage of property. as security for the payment of the composition, or that a general assignee under a state law shall convey to the debtor the assigned property, to be held by him free from any claim of creditors under the assignment, or that the assignee in bankruptcy shall transfer to the debtor, or to a trustee for the creditors, the property in his hands—these and kindred provisions of an executory character are provisions which may be enforced. on motion made, in a summary manner. But, a general provision, in a resolution of composition, that a payment of so much money, at such time or times, and to be evidenced by such and such promissory notes, shall be accepted by the creditors in satisfaction of the debts due to them from the debtor, is, in no proper sense. an executory provision, as respects the creditors. The language is used because it is the language of the statute. But the statute, in

saying that the creditors may resolve "that a composition proposed by the debtor shall be accepted in satisfaction of the debts due to them from the debtor," means, merely, that they may resolve that the payment of the money for the payment of which the composition provides shall satisfy the debts. If the money is tendered according to the terms of the composition, that is equivalent to payment, but the court has no power to imprison the creditor for contempt unless he will physically take the offered money. A protection of the debtor, by a summary injunction against the creditor, from the consequences of a refusal by the creditor to take the offered money and recognize the composition, such as the bringing of a suit by the creditor on the debt, is not within the proper purview of the enforcement of the provisions of a composition containing no other provisions than those in the present case.

When a discharge in bankruptcy is obtained, under section 5114 of the Revised Statutes, the bankruptcy court never undertakes to protect the debtor thereafter, by summary injunction, in the bankruptcy proceedings, from a suit against him by a creditor, to recover a debt. The debtor is left to set up the discharge by way of plea to the suit. There is no reason why any different course should be pursued after the close of a composition. If a suit is brought, the composition may be set up in defence; and, even if the creditor is in a position to at once issue execution against the debtor's property, the like thing happens often where a discharge is granted, and it is no greater hardship for the debtor to initiate proper measures to be relieved after the close of a composition than after a discharge.

It never could have been intended that the bankruptcy court should determine, in a summary way, such questions as are intended to be raised in the present case, in respect to the effect of the composition between the debtor and his creditors—the question as to the right of a creditor who proved no debt in the composition proceedings to enforce a security held by him, for the giving up of which there is no specific provisions in the composition— or the question as to whether the composition satisfies a debt created by fraud. These questions ought to be settled in plenary suits brought in a proper forum. The fact, that, if the bankruptcy court exercises the jurisdiction now invoked it would have to determine such questions, indicates that the only proper course is for that court, after the close of a composition, not to interfere except to enforce the specific executory provisions of the composition. The language and intent of the statute are abundantly satisfied by confining the action of the court to such remedies alone.

The bankruptcy courts in the United States which have considered this question have adopted the views above set forth. See In re Tooker [Case No. 14,096]; In re Lytle [Id. 8,650]. They are general views, subject to

modification by the circumstances of the particular case and according to the terms of the resolution of composition.

In the present case, it being an involuntary case and there having been no adjudication of bankruptcy and no warrant of seizure of the debtor's property, the court has acquired no jurisdiction over the debtor's property. The injunction now asked for is not sought under the authority of section 5024, as an injunction to restrain an interference with the debtor's property, until the hearing on the order to show cause why there should not be an adjudication. The bankruptcy court, however, has the undoubted right to protect a debtor while his composition is pending. Inasmuch as it is only necessary that a case of bankruptcy should be pending, by or against a debtor, whether an adjudication in bankruptcy shall have been had or not, to authorize a proceeding in composition, and inasmuch as (section 4991), the filing of a petition for adjudication either by or against a debtor is deemed the commencement of proceedings in bankruptcy, so as to cause the case to be pending, it follows, that the court in which a composition proceeding is properly pending has a right to enjoin the creditors from harassing the debtor so long as his composition proceeding is going on. As the proceeding in composition is a proceeding in bankruptcy, the court has not only (section 563) original jurisdiction of the proceeding, but (section 711) jurisdiction of it exclusive of the courts of the several states. Such jurisdiction extends (section 4972) to the close of the composition proceeding. The close of such proceeding is not necessarily, nor is it ever, the order of the court that the resolution of composition be recorded. Even where the composition is all to be paid in money at one time, a few days after the making of such order are necessarily allowed for such payment. But there are many cases like the present one. Here, one-third of the composition is to be paid by April 9th, 1877, one-third on May 18th, 1877, and one-third on August 18th, 1877. The creditors have given this time to the debtor. Until such time expires the debtor is not bound to make his payments. Until then the composition is still pending, because, until he shall fail to make the payments, it cannot be determined whether the composition will or will not fail. The debtor is entitled to be protected against suits on the original debts until such time arrives, in equal measure with his title to be protected before the resolution of composition was passed or confirmed. The debtor cannot, until such time arrives, use his composition proceedings as a shield against the original debts, in suits to be brought or pending either by him or against him. Therefore, in the meantime, the court of bankruptcy must protect him by injunction. But the debts to which an injunction can extend are only the debts to which a composition can extend, that is, unsecured debts, or debts in respect to which any security has been surrendered or given up.

I am of the opinion, therefore, that the debtor is entitled to an injunction to restrain these four creditors from bringing or further prosecuting any suits against him in respect to unsecured debts the amounts of which are set forth in his filed statement, until the 18th of August, 1877. There is no objection to an order giving leave to the debtor to deposit in this court the money and notes to which these four creditors are now entitled under the resolution of composition.