## ANDREW L. ROBINSON v. CONVERSE CLEMENT.

1. *Judgment Suspended by Bankruptcy.*—Where a judgment is rendered and is afterward suspended by operation of law, as by bankruptcy, it is proper, before proceeding farther, to take the opinion of the court as to the existing liens of the plaintiff, and execution should only be issued, if at all, by order of the court rendering the judgment.

2. *Payment—Deposit with Clerk.*—Where a sum of money is deposited with the clerk of a court in which a judgment has been rendered, to be paid over to the plaintiff upon the happening of a certain condition, it is not an absolute payment even if the condition is, in itself, impossible and void.

3. *Non-Fulfillment of Compromise Agreement.*—Where a bankrupt compromises with his creditors, and fails to pay the percentage agreed upon, any creditor with whom he thus fails is thereby remitted to all the rights conferred by the original claim. The creditor ought not to be bound by an agreement not performed on the debtor's part.

Filed April 21, 1881.

Appeal from Vanderburgh Circuit Court.

A. L. Robinson, *per se*, cited Bump on Composition in Bankruptcy p. 20 and cases there collected; *National Bank* v. *Porter*, 122 Mass. 308; *Gould* v. *Butler*, 122 Mass. 500, as to effect of not fulfilling composition agreement.

George Palmer, for appellant, (in reply) cited, *Melhado* v. *Watson*, L. R. 2 C. P. Div. 281; Bump on Comp. 18; *Woolsey* v. *Hagan*, 124 Mass. 497, as to disputing a creditor's claim and yet compounding for it; *Ex parte* Peacock L. R. 8, Ch. 686; *In re.* Trafton, 14 B. R. 507; Blumenstiel p. 416, as to effect of debtor's statement in regard to a non-assenting and absent creditor, in case of composition; Bump on Comp. pp. 5, 6, 20; 2 Ch. Con. 1057, as to reasonable protection to the debtor; *Re Glover*, 17 L R. Eq. 125; *Re Becket*, 12 B. R. 205, as to what a compromise in bankruptcy is; *Edwards* v. *Hancher*, L. R. 1 C. P. Div. 111; *Ex parte* L. R. 6 Ch. Div. 45; *Re Becket*, 12 B. R. 201; *Re Reiman*, 13 B. R. 133; *Denny* v. *Merrifield*, 128 Mass. 228; *Re O'Dell*, 16 B. R. 501; *Wells* v. *Lamprey*, 16 B. R. 207; *Bamberg* v. *Stern*, 18 B. R. 76; *Re Leipziger*, 18 B. R. 264, as to necessity of payment or tender under composition agreement; Bump on Comp. 5, 6, 20;

2 Ch. Con. 1,057, 1,159; *Hazard* v. *Mare,* 6 H. & N. 435; *National Bank* v. *Porter,* 122 Mass. 329, as to time of tender; *Edwards* v. *Hancher,* L. R. 1 C. P. Div. 111; *Hazard* v. *Mare, supra; Newell*ᵛ. *Van Praagh,* L. R. 9 C. P. 96; *Hall* v. *Levy,* L. R. 10 C. P. 154; *National Bank* v. *Porter,* 122 Mass. 329; *Re Hatton,* L. R. 7 Ch. 723; *Ex parte Peacock,* L. R. 8 Ch. 682; *Ex parte* v. *Lang,* L. R. 5 Ch. Div. 971; *Re Hinsdale,* 16 B. R. 550; *Re Shafer,* 17 B. R. 116, *Re Nebenzahl,* 17 B. R. 23; Blumensteil, 450; *Edwards* v. *Combs,* L. R. 7 C. P. 519; *Goldney* v. *Lording,* L. R. 8 Q. B. 182; *Pierce* v. *Gilkey,* 124 Mass. 300; *Re Leipziger* (N. Y. C. P.), 18 B. R. 266; *Re Reiman,* 13 B. R. 133; *Re Hurst,* 13 B. R. 463, as to effect of default under composition by agreement or by resolution; *Williams* v. *Tucker,* 47 Miss. 678; *Fall* v. *Hazelrigg,* 45 Ind. 585; *Tucker* v. *Oxley,* 5 Cranch 34, as to the construction of adopted statutes; Blumenstiel, 462; *Woolsey* v. *Hagan,* 124 Mass. 497; *Ex parte Paper Staining Co.,* L. R. 8 Ch. 585, as to jurisdiction of State court; Bigelow on Estoppel, 578; Broom's Legal Maxims (7 Am. Ed. 169) as to whether a party can under the law "blow hot and cold;" *Newell* v. *Van Praagh,* L. R. 9 C. P. 96; *Re. Peacock,* L. R. 8 Ch. 682, as to appellant's right to execution.

C. Denby and D. B. Kumler, for appellee, cited *E. & C. R. R. Co.* v. *Barbee,* 59 Ind. 592, as to right of appeal; Blumenstiel on Bankruptcy, 416; *Re. Trafton,* 14 B. R. 508, as to disputed debts; Blum. 461, as to collateral impeachment of a composition; *Smith* v. *Engle,* 14 B. R. 481, as to jurisdiction of bankruptcy court; *Deford* v. *Hewlett* 7 Cent. L. Journal 149, as to effect of non-payment under composition agreement.

Opinion of the court by Mr. Chief Justice Niblack.

In this case Andrew L. Robinson, the plaintiff, complained of Converse Clement, the defendant, and said that, on the 24th day of December, 1874, he recovered a judgment in the Vanderburgh Circuit Court against the defendant for three thousand and five hundred dollars, with costs of suit; that afterwards, on the 26th day of the same month, the defendant began certain proceedings in bankruptcy in the District Court of the United States for the district of Indiana, at Evansville, by means whereof, he was, on the same day, adjudged to be bankrupt; that on the 4th day of Feb-

ruary, 1875, the claim of the plaintiff was duly proven against the defendant in such proceedings in bankruptcy, and the sum of $3,512.80 was allowed against the defendant's estate in bankruptcy, with security; that is to say, on the supposition that the judgment rendered as above was a lien on the defendant's real estate; that on the 1st day of May, 1875, the defendant made an offer of compromise with his creditors, which was not agreed to by the plaintiff, but was accepted by a sufficient number of such creditors to make it binding upon all, by which he was to be released and discharged from his debts by the payment of five per cent of the amounts respectively due thereon, within sixty days from that date; that on the 8th day of June, 1875, the plaintiff and James H. McNeely, the defendant's assignee in bankruptcy, by an agreement made between them, in pursuance of section 20 of the bankrupt act, ascertained and fixed the value of the lien of the plaintiff's judgment upon the defendant's real estate, at the sum of $1,800, leaving the sum of $1,712.80 without security, upon which latter sum the defendant should have paid to the plaintiff the amount of five per cent, making the sum of $85.64; that the defendant had neither paid nor tendered to the plaintiff said sum of $85.64, or any part thereof, but had refused to either pay or tender any part of the same; that on the 6th day of August, 1875, the defendant, instead of paying the same to the plaintiff, as it was his duty to have done, deposited said sum of $85.64 with the deputy clerk of the United States District Court, at Evansville, to be paid to the plaintiff upon the condition that his said judgment should be finally heard and settled by the Supreme Court of this State, when, in truth and in fact, no appeal to said Supreme Court had ever been taken from said judgment, nor had the cause in which it was rendered ever been in any way in that court, which the defendant well knew at the time said sum of money was so deposited; that on the 10th day of August, 1875, the plaintiff applied to the said deputy clerk for the said sum of $85.64, and requested that said sum of money should be paid to him, but that said deputy clerk refused to pay the same to the plaintiff, by reason of the condition upon which said money had been deposited with him, as above set forth; that the defendant claimed and pretended, that by reason of the proceedings in bankruptcy, hereinabove referred to, he is wholly released and discharged from the payment of the plaintiff's said judgment and every part thereof.

Wherefore the plaintiff prayed that his said judgment as to said sum of $1,712.80, with the interest which had accrued thereon, might be revived against the defendant, and that execution be issued thereon, for the amount found to be due, against the property of the defendant.

The defendant demurred to the complaint, and his demurrer was sustained.

The plaintiff refusing to plead further, final judgment was rendered against him upon demurrer.

Only one question is, therefore, presented, and that is, Did the court err in sustaining a demurrer to the complaint?

The appellee urges two objections to the sufficiency of the complaint:

*First.* That, if the appellant was entitled to an execution on his judgment, he could have procured the issuance of such an execution by a proper application to the clerk without the necessity of filing such a complaint, and that this proceeding was both unnecessary and unauthorized.

*Second.* That the facts alleged showed the condition upon which the $85.64 was paid to the deputy clerk of the United States District Court to have been an utterly impracticable, and hence a void, condition, thereby rendering the payment an absolute one, and conferring upon the appellant a right of action against the deputy clerk instead of the appellee.

In the first place, we think the facts averred in the complaint made a case upon which it was proper to take the opinion of the court before attempting to proceed further, and in which an execution should only be issued, if at all, by order of the court rendering the judgment, inasmuch as proceedings upon the judgment had been suspended by operation of law. In the next place, we can not argue that the facts averred showed an absolute payment to the deputy clerk for the use of the appellant. The question is a novel one, and not free from difficulty, but we feel constrained to construe, and accordingly do construe, the so-called payment to have been a mere deposit with the deputy clerk upon a condition which he was not at liberty to disregard, and not in any proper sense a payment either to the deputy clerk or the appellant.

As to the effect which results from the failure of a bankrupt

debtor to pay the amount agreed by him to be paid on a compromise with his creditors, Blumenstiel on Bankruptcy, at page 451, says: "The creditor, in the event of non-payment of the composition according to its terms, is remitted to the rights which he possessed at the time the proceedings were initiated, so that if he had taken legal steps for the recovery of his debt and the suit had been suspended by the composition, he is to be placed in the same position as he occupied before the settlement was made, and can resume the proceedings, from the further prosecution of which he had been previously restrained."

The rule thus stated by Blumenstiel is well supported by the weight of authority, and appears to us to be decisive of the case in hearing in favor of the appellant.

There are cases apparently conflicting with this rule, but so far as our attention has been called to them they are based upon a condition of facts different from those presented in this case.

Reason and justice concur in support of the doctrine that a creditor ought not to be bound by an agreement of composition which the debtor has failed to perform on his part.

*Reiman* v. *Friedlander*, 12 Blackford, 562; *National Bank* v. *Porter*, 122 Mass. 308; *Deford* v. *Hewlett*, 7 Central Law Journal, 149, and 49 Maryland, 51.

Upon the facts stated in the complaint, we think the appellant is entitled to execution on his judgment for the unsecured balance due upon it.

The judgment is reversed, with costs, and the cause remanded for further proceedings.