JOHN F. PUPKE ET AL., Plaintiffs in Error, *v.* F. A. CHURCHILL, Defendant in Error.

### December 23, 1884.

1. BANKRUPTCY — COMPOSITION — BAR TO ACTIONS. — A composition agreement in bankruptcy which has been violated by the debtor, is not a bar to a recovery, by a creditor, on the original indebtedness.

2. —— A composition agreement in bankruptcy, approved by the court and duly recorded, under the terms of which the defendant executed his notes to his creditors secured by a policy on his life, the agreement containing a clause that a failure to pay any note or the insurance premiums should, at the option of the creditor, work a release of the agreement, is not a bar to a recovery on the original indebtedness by a creditor who

had refused to accept the composition note which had been deposited in court for him, where the insurance premiums were not paid by the debtor.

3. —— The notes given under such an agreement are not payments until they are actually paid.

4. —— Proceedings in bankruptcy are deemed to be pending after the time allowed the bankrupt for performance of the contract has expired.

5. —— CONCURRENT REMEDIES. —The remedy given by the statute to enforce the composition in the bankrupt court is not exclusive, but merely cumulative.

ERROR to the St. Louis Circuit Court, BARCLAY, J. *Reversed and remanded.*

H. E. MILLS, for the plaintiffs in error : A composition to be effectual as a discharge, must be carried out.— *Clark* v. *White,* 12 Pet. 191 ; *Denny* v. *Merrifield,* 128 Mass. 229 ; *In re Leipziger,* 18 N. B. R. 267 ; *In re Nigby,* 20 Fed. Rep. 499; *Robinson* v. *Clement,* 73 Ind. 33 ; *S. P. Nationa, Bank* v. *Porter,* 122 Mass. 308 ; *Pierce* v. *Gilkey,* 124 Mass. 300 ; *Home Bank* v. *Carpenter,* 129 Mass. 1. The composition is not effected as a discharge unless the amount agreed upon is actually paid.— *In re Hurst,* 3 Cent. L. J. 78 ; *In re Reiman,* 13 N. B. R. 133. Where there has been unreasonable delay there is no reason for sending the creditor into the court of bankruptcy for permission to proceed. The law does not pretend to take away the right to sue for a judgment on the original debt, and proving of claim is no bar to action in state court — *Dingee* v. *Becker,* 8 N. B. R. 508 ; *Valpey* v. *Rea,* 124 Mass. 99 ; *Greenwald* v. *Appill,* 17 Fed. Rep. 140 ; *Seavey* v. *Beckler,* 128 Mass. 471 ; *Blagvil* v. *Hicks,* 11 Phila. 249.

TRUMAN A. POST, for the defendant in error : The plaintiff's remedy was by proper proceedings in the bankruptcy court — *In re Bayley,* 19 B. R. 77–78 ; *In re Mickel,* 19 N. B. R. 377 ; *Deford* v. *Hewlitt,* 18 N. B. R. 524.

THOMPSON, J., delivered the opinion of the court.

In 1877 the defendant filed his voluntary petition in

bankruptcy, under the terms of section 17 of the amendatory bankruptcy act, of June 22, 1874, compounded with his creditors on the basis of twenty-five cents on the dollar of his indebtedness, payable in three equal instalments, in three, five, and seven years, giving his notes without interest for each payment, to be secured by certain life insurance policies in the aggregate amount of $50,000, of which the first two annual premiums were to be paid to render them non-forfeiting. The plaintiffs in this action did not assent to this composition agreement. It was recorded, approved by the court, the policies were taken out, the notes were executed, and thereupon the bankruptcy proceedings was, by order of the court, dismissed at the costs of the bankrupt. The notes which the bankrupt was required to execute in favor of the present plaintiffs, under the terms of the resolution of composition were executed by him and tendered to them, but they refused to receive them, and thereupon they were, by order of the bankrupt court, deposited with the clerk. The proposition for a composition, as accepted by a resolution of the creditors and approved by the court, contained this clause : " Any failure on my part to pay the notes or the insurance premiums, according to the terms of this composition, shall, at the option of the creditor, work a release of his acceptance thereof. And a compliance on my part with its terms, shall, on the other hand, work a full discharge and release of my debts."

The present action is brought upon a note of the defendant held by the plaintiffs prior to the bankruptcy and the composition. It was admitted, for the purposes of this trial, " that the insurance aforesaid was not kept up after he first year, and that the instalment notes have not been paid as provided in the composition." Upon this state of case, the court, sitting as a jury, refused a declaration of law to the effect that the plaintiffs were entitled to recover and gave judgment for defendant.

We are of opinion that judgment should have been given

for the plaintiffs. At common law and in equity a composition agreement works a release of the antecedent debt only when it is performed. *Clark* v. *White*, 12 Pet. 178, 191; *McKenzie* v. *McKenzie*, 16 Ves. 372, 374; *Ex parte Bennet*, 2 Atk. 527. A well understood exception to this rule exists in cases where the original debt is released upon an agreement to pay part of it, accompanied by giving additional security for such part payment. Another exception is admitted where the terms of the composition agreement clearly import that the effect of the making of the composition shall be *ipso facto*, to discharge the original indebtedness.

1. The statute under which this composition was made was imported into our late bankrupt law from the English bankruptcy act of 1869. By its terms, in a case of voluntary bankruptcy, a composition between the debtor and his creditors to the extent of two-thirds in number and one-half in value, would bind the non-assenting creditors, whose debts were included in the bankrupt's schedule, and who had notice of the proceedings. This provision has been justly held in derogation of common right, and hence to be strictly construed. *Re Shields*, 15 N. B. R. 532; *s. c.* 4 Cent. L. J. 557.

Where the debtor surrendered his property, and it was applied under the bankrupt law to the satisfaction of his debts he received from the court a discharge which, with certain exceptions, protected him against actions for his antecedent debts. But where he compounded with his creditors under the statute now in question, he received no certificate of discharge. The resolution of composition, when approved by the court and recorded, was in itself a discharge, if carried out by the debtor according to its terms. *Smith* v. *Morganstern*, 2 Fed. Rep. 657; *Denny* v. *Merrifield*, 128 Mass. 229, per Gray, C. J.; *Mason & Hamlin Organ Co.* v. *Bancroft*, 4 Cent. L. J. 295; *Re Bjornstad*, 5 Fed. Rep. 791; *Re Becket*, 12 N. B. R. 201. In such a case, no certificate

of discharge was given, for it was not competent for the bankrupty court, where the debtor had not surrendered his property for the benefit of his creditors, to discharge him from his debts by the giving of such a certificate.

But unless the resolution of composition distinctly imports the contrary, it is clear upon principle and upon an almost unbroken line of authority, that the composition becomes a discharge only when carried into effect by the debtor according to its terms, unless he has been prevented from carrying it into effect by the act of the creditor who seeks to avoid its effects as a discharge. *Edwards* v. *Coombe*, L. R. 7 C. P. 519 ; *Re Hatton*, L. R. 7 Ch. 723 ; *Ex parte Peacock*, L. R. 8 Ch. 682 ; *Goldney* v. *Lording*, L. R. 8 Q. B. 182; *Newell* v. *Van Praagh*, L. R. 9 C. P. 96; *Edwards* v. *Hancher*, 1 C. P. Div. 111 ; *Whittimore* v. *Stephens*, 48 Mich. 573, 578; *Robinson* v. *Clement*, 73 Ind. 29, 33 ; *Re Negley*, 20 Fed. Rep. 499 ; *Mount Wollaston National Bank* v. *Porter*, 122 Mass. 308; *Pierce* v. *Gilkey*, 124 Mass. 300 ; *Home National Bank* v. *Carpenter*, 129 Mass. 1 ; *Re Hurst*, 13 N. B. R. 455, 463 ; s. c. 3 Cent. L. J. 78, decision of Emmons, J. ; *Re Reiman*, 13 N. B. R. 128, 133, decision by Mr. Justice Hunt ; *Re Leipziger*, 18 N. B. R. 267.

Two or three cases which hold the contrary have been pressed upon our attention. One of them purports to be a decision of Mr. Circuit Judge Woods, on a petition in review in bankruptcy. *Re Bailey*, 19 N. B. R. 77. We do not find this decision in the series of decisions of that learned judge reported by himself, and therefore we feel at liberty to conclude that it may have been re-considered by him. Another is a decision of the court of appeals of Maryland, in *Deford* v. *Hewitt*, 49 Md. 51 ; s. c. 18 N. B. R. 518. The latter decision proceeds upon the ground that the giving of notes by a bankrupt in pursuance of the composition agreement were in the nature of payment, and hence, were of themselves a satisfaction of the ante-

cedent indebtedness. This ground is wholly fallacious. The statute required that the payment under a resolution of composition, in order to be valid, should be " in money," and the giving of notes by the debtor is regarded as nothing more than a convenient form of expressing his obligation to pay money according to the composition agreement. They are in no sense payment, since to hold them so would, as was clearly reasoned by Mr. Circuit Judge Emmons in the case of *Hurst* (*supra*), be to proceed in the very face of the statute. The mere giving of notes has been held, again and again, not to be a performance of the composition agreement. *Re Reiman*, 13 N. B. R. 128, 133; *Re Hatton*, L. R. 7 Ch. 723; *Edwards* v. *Coombe*, L. R. 7 C. P. 519; *Robinson* v. *Clement*, 73 Ind. 29; *Pierce* v. *Gilkey*, 124 Mass. 300.

2. But it is argued that judgment could not have been rendered for the plaintiffs in this action, because exclusive jurisdiction of the proceeding is vested, by the terms of the bankrupt law, in the United States district court. The bankrupt law does not, by its terms, impose a sweeping and unlimited stay upon actions in the state courts. It merely stays them " until the question of the debtor's discharge shall have been determined, provided there has been unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge." U. S. Rev. Stats., sect. 5106. This statute was framed before the amendatory act providing for composition with creditors was enacted, and hence it does not, in terms, apply to such a proceeding in which the bankrupt does not receive a formal discharge. But it furnishes an analogy upon which the courts have made a rule, and that rule is that the proceeding is deemed to be pending in the courts of bankruptcy during the time which is allowed the bankrupt in which to perform the composition agreement; and this, if we except the decision in *Re Bailey* (*supra*), is the utmost limit of the time during which the United States district courts have held

that they were at liberty to enjoin actions in the state courts. *Re Hinsdale*, 9 Ben. 91, 97; *Re Nebenzahl, Id.* 243, 246. One court has even restricted the period to the date of the approval of the resolution of the composition. *Re Lytle*, 14 N. B. R. 477.

3. The statute under which this composition was effected provides for a summary proceeding in the bankrupt court by a creditor for the enforcement of the composition according to its terms. It is argued that this proceeding is exclusive, and the reason given for so holding is that it enables the bankrupt court to adjust the equities among all the creditors, and prevent one creditor from getting an advantage over the other creditors by bringing an action at law for his debt, This seems to have been the ground on which Mr. Circuit Judge Woods reasoned in *Re Bailey*, (19 N. B. R. 77). The force of this reasoning is admitted. The same provision existed in the English bankrupt act of 1869, upon which our statute of composition was modeled. But the English courts hold that the remedy there given was cumulative, and not exclusive; and so the American courts have held where the point has been brought to their attention in several of the cases above cited. The reason and justice of the case seem to favor this conclusion, especially as applied to the facts of the case before us. Here, the agreement of composition was broken by the debtor after the first year, by allowing the life insurance policies to lapse and become forfeited. A non-assenting creditor is now told that, on the happening of this event, he might have gone into the bankrupt court and proceeded against the debtor for a summary process as for a contempt. What good would this have done him? Suppose it might have ended in an order committing the debtor to jail until the composition agreement should be complied with. Is there any reason to believe that this remedy would have been effective? Would he have been more likely to earn money to pay the life insurance premiums in jail than out of jail?

This contention of the defendant allows him to say to the plaintiffs this : "I can go into bankruptcy and get a sufficient number and value of my creditors to assent to a composition agreement. I can break the agreement the next day, and you, although you never assented to the agreement, have no other remedy than to compel me to perform an agreement to which you never assented, by putting me in jail." We hold that this is not the law.

4. But all doubt upon this question is cleared up by the terms of the composition agreement itself. It will be remembered that additional security was given in the form of the life insurance policies. This, if accepted without any expression of a contrary understanding, might, according to the common-law rule, have worked *ipso facto*, a discharge of the antecedent debts of the assenting creditors. But they were cautious to express in the agreement that it should not have this effect, by making the debter agree as follows : "Any failure on my part to pay the notes or the insurance premiums according to the terms of the composition shall, at the option of the creditor, work a release of his acceptance thereof." By the very terms of this agreement any assenting creditor is, upon the facts stipulated, at liberty to make his assent, and for stronger reasons a non-assenting creditor is not to be held bound. The agreement then stands, as to another creditor who may now dissent, as though it had never been made. And is a dissenting creditor who has indulged his debtor for nine years, almost until the bar of the statute of limitations had attached, to be now told that his remedy is to go into the court of bankruptcy and prosecute the bankruptcy proceedings? Those proceedings, we have seen, were dismissed in 1877. Could they now be re-instated? If they could be, what would the creditor gain? What complications would not surround the matter after such a lapse of time? If this contention is true, it was within the power of a debtor, by going into voluntary bankruptcy and getting a composition

.with his creditors, and by breaking the terms of the composition agreement, to harass them indefinitely in pursuit of their just demands.

The judgment is reversed and the cause remanded. Judge BAKEWELL concurs ; Judge LEWIS is absent.