23 537
65 61

ANDREW MULLIN ET AL., Appellants, v. W. H. MARTIN, Respondent.

**St. Louis Court of Appeals, December 7, 1886.**

1. DEBTOR AND CREDITOR—CONTRACTS—COMPOSITION AGREEMENT.—A composition agreement between a debtor and his creditors does not, unless it is performed, as a general rule, discharge the debtor from the residue of the debt.

2. —— Where notes are given by the debtor for deferred payments under a composition agreement, if taken by all the creditors in satisfaction of the indebtedness, their non-payment does not revive the residue.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Affirmed.*

EDWARD A. ELLIOTT and G. BLAIR, for the appellants : An agreement to compromise and adjust an undisputed indebtedness by the acceptance of unsecured notes by the debtor for a less amount than that due, is void for want of consideration. *Line v. Nelson*, 33 N. J. L. 358 ; 6 Wait's Actions and Defences, 409 ; *Brook v. Moore*, 67 Barb. 394; *Curran v. Rummel*, 118 Mass. 482 ; *Harriman v. Harriman*, 12 Gray, 341. The acceptance of a note does not release a debt unless it is so stipulated in the agreement. *Putnam v. Lewis*, 8 Johns. 387. An arrangement between a debtor and his creditors, whereby they receive unsecured notes of the debtor in discharge of the amounts due them, is not binding upon them unless such notes are not paid. An accord and satisfaction does not exist in such case, and the original debts may be made the subject of actions. *Riley v. Kershaw*, 52 Mo. 224; *Tellon v. Ascott*, 16 Barb. 593 ; *Ennikin v. Stahl*, 9 Mo. App. 390 ; *Bank of Commerce v. Hoeber*, 11 Mo. App. 475 ; 2 Parsons on Contracts (5 Ed.), 684 ; *Goff v. Mulholland*, 28 Mo. 397 ; *Leabo v. Goode*, 67 Mo. 126 ; *Clark v. Deusman*, 5 N. H. 136.

LEWIS, P. J., delivered the opinion of the court.

The plaintiff sued on an open account for $415.25. The cause was heard by the court, without a jury, on the following agreed statement of facts :

"Plaintiffs are, and at the time hereinafter mentioned, were partners in trade, doing business in Chicago, Illinois, under the firm name of Mullen Brothers & Co. That defendant was legally indebted to them in the sum of four hundred and fifteen and forty-five hundredths dollars, for goods sold and delivered to him by plaintiffs, after deducting all credits and set-offs, on February 21, 1884. That on May 2, 1885, defendant, plaintiffs, and all other of the defendant's creditors, by valid agreement in writing to the following effect, agreed

that said creditors would accept forty per cent. of the amount of their respective debts, in notes of the defendant, payable in three, six, nine, and twelve months after date, in complete satisfaction of said original indebtedness, which the defendant should pay. That the defendant, in furtherance thereof, executed and delivered to the plaintiffs, and all other creditors, his certain promissory notes due three, six, nine, and twelve months after date, which said notes were dated May 19, 1885, and said notes on the part of the plaintiff, were accepted by the plaintiffs, and are herewith filed, marked 'Exhibit A,' 'Exhibit B,' 'Exhibit C,' 'Exhibit D,' respectively. That all the other creditors accepted similar notes under the terms of the said agreement. That the compromise notes given Mullen Brothers by the defendant, as aforesaid, have not been paid ; that three of them have matured, and been duly presented to the defendant for payment, but the defendant has refused and failed to pay them, or any part thereof ; that all of said notes, excepting the one maturing May 19, 1886, are now due and unpaid."

Upon the facts so stated, the court gave judgment for the defendant.

The plaintiff insists that he was entitled to recover on the proposition that a payment, either in cash or by note, of part of an undisputed debt will not discharge the indebtedness, even though the creditor accepts it as a satisfaction of the whole. The general rule to that effect has long been established, and stands mainly upon the ground of a want of consideration to bind the creditor. But it is subject to many exceptions, and never prevails where the creditor acts upon a consideration independent of the partial payment. One of these exceptions is, where the payment is received by way of composition with creditors. *Morris Canal v. Van Vorst*, 1 Zab. 119. It is needless to say that, according to the agreed statement, the present case is within that exception. The joining of the other creditors in the common

arrangement, furnishes a sufficient consideration to each separate creditor, binding him to his absolute or conditional discharge of the debtor. The concurrent action of all the creditors increases the debtor's ability to pay what is stipulated for ; whereas, without such concurrent action, any one creditor might lose his entire claim.

The plaintiff's learned counsel press upon our attention the rule that a note given for an existing indebtedness will not extinguish the original debt, unless the parties expressly agree that such shall be the effect. The rule is correctly stated. *Bertiaux v. Dillon,* 20 Mo. App. 603. But it is without influence in this case, because the agreed statement shows an express stipulation in the settlement, that the notes should be "in complete satisfaction of said original indebtedness."

It is further urged that the plaintiff may rescind the settlement and fall back on the original indebtedness, because the notes have not been paid. There is nothing in the agreement which will justify such a claim. The notes themselves contained the whole obligation to pay, upon which the parties relied, as appears by the language used in the agreed statement. In *Pupke v. Churchill* (16 Mo. App. 334), it was held that the debtor's failure to pay a note given in pursuance of a composition in bankruptcy entitled the creditor, at his option, to a release from the agreement for composition, and to a recovery on the original indebtedness. But, besides the fact that the composition was governed by the bankruptcy act, the agreement in that case contained a stipulation by the debtor, in these words : "Any failure on my part to pay the notes or the insurance premiums, according to the terms of this composition, shall, at the option of the creditor, work a release of his acceptance thereof." The decision enforced literally the terms of the agreement, and was undoubtedly correct. It is sustained by a large array of authorities cited in the opinion by Judge Thompson, all of which

hold that, if the debtor fails to perform strictly any of his undertakings in the composition agreement, the creditors will be released from its obligations. We have re-examined those authorities and find, with the rule, that a debtor who gives notes in pursuance of a composition agreement must pay them according to their tenor, or forfeit all benefit of the composition, a constant qualification to this effect : " *Unless* it be expressly agreed that the notes are to be taken in satisfaction of the indebtedness." Compositions made under the general bankrupt law of 1874 were always attended by a necessity for actual payment of the notes given, because the statute itself required that the debtor's payments should be *in money.* Many of the decisions referred to above are based expressly on this ground ; which ground, of course, does not appear in the present case. On the other hand, cases are not wanting in which it is adjudged that a note given will, on general principles, discharge an original indebtedness, whenever it is agreed to be taken by the creditor in full satisfaction of such indebtedness. *Sard v. Rhodes,* 1 Mees. & Wels. 152. In *Mackenzie v. Mackenzie* (16 Ves. Jr. 372), a bond creditor, who had joined in a composition, whereby the debtor gave notes secured in a manner satisfactory to the creditor, was restrained, notwithstanding a default in payment of the notes, from taking execution in an action on his bond, for an amount in excess of the composition notes. In *Hurst's case* (3 Cent. L. J. 78), a composition was made under the general bankrupt law. Emmons, J., held that the resolution for payments in notes must, in order to avoid a violation of the statute, be interpreted to mean payments in *money.* The notes, therefore, were not capable of performing satisfaction without actual payment. He uses, at the same time, this significant language : " In the construction which we give this resolution, holding as we do that it does not mean the delivery of the promissory notes as payment and a discharge of the debtor, we do not approbate the

extreme expressions in several of the cases on this subject which hold that there must be an express agreement in terms to accept a note in satisfaction before it will operate as such. It is a mere matter of interpretation in each instance, controlled by the circumstances in which the agreement is made."

In this case, the language of the agreed statement so emphatically declares that the giving of the notes is to be "in complete satisfaction of the original indebtedness," that, to exact their actual payment besides as a necessary condition, would be to add a new term to the agreement. The parties did not intend the absurdity that, first, a certain event should operate a "complete satisfaction," and, secondly, that the same event should *not* operate a complete satisfaction, unless another event supervened. There may be a faint suggestion of ambiguity in the closing words: "Which defendant should pay." Does this refer to the payment of the notes? Evidently not. The expression "should pay" is here the equivalent of "ought to pay." It is simply a descriptive tautology applied to the term "original indebtedness," with which it is in immediate juxtaposition, bridged only by the relative "which," as referring to the same term next before uttered. It is as if it were said: "The notes for forty per cent. shall be in satisfaction of the whole indebtedness which the defendant *ought to pay ;* but which he will, by the terms of this agreement, be excused from paying." If the parties had intended that the notes should be paid at maturity, or else the agreement would be void, they would naturally have said so in unambiguous terms.

The defendant's answer purports to set out the agreement, word for word, as it was signed by all of the creditors. The words therein used, after describing the notes to be given, are: "Each of us to accept said notes in full settlement and payment of our said accounts, upon the delivery of said notes aforesaid." This would be conclusive of the meaning of the parties; if it were

admissible to accept the pleading of a party as evidence of a fact therein stated in his own favor. While we will not assume that the answer contains a true copy of the agreement, as it avers, we yet find some grounds for a strong moral persuasion in that direction. The answer was filed on April 5, and the agreed statement on April 19. No reply, or denial of the answer, was filed at any time. Had the plaintiff found the agreement untruly stated in the answer, it is reasonable to suppose that he would have replied with a denial. The rule requires a reply to be filed within three days after the time for filing the answer; and, if this is not done, it results that all new allegations in the answer will be taken as admitted by the plaintiff to be true. It thus occurs in this case, that there were at least eleven days during which the record bore upon its face a practical admission by the plaintiff that the agreement was truly set forth in the answer. All the pleadings, however, and all legitimate inferences from them, were superseded by the agreed statement. So that, if a disagreement existed between the pleading and the statement, the latter would, of course, prevail. But we are not here discussing any question of disagreement between those papers. The question is only one of interpretation of one of them. To what extent interpretation of the one may be aided by a reference to the other, we will not now undertake to decide. It is sufficient that the agreed statement shows a clear understanding between the parties, that the notes to be given by the defendant were to be taken in complete satisfaction of the original indebtedness, and, therefore, the plaintiff can not found any claim of recovery in this action, on the non-payment of the notes at maturity.

The judgment will, therefore, be affirmed. Rombauer, J., concurs; Thompson, J., dissents, and files a dissenting opinion.

Dissenting opinion by Thompson, J.

I dissent from the opinion which has been delivered in this case. I agree with the conclusion of the court that it was competent for the parties to agree, if they were foolish enough to do so, to accept the debtor's promissory notes for a portion of their debts in discharge of the whole, and to release their debtor, whether he should thereafter · pay the notes or not. But, as the general rule is, that a composition agreement means payment *in money*—that being what the debtor expects to give and what the creditors expect to get—I do not think that such an agreement should be construed as an agreement on the part of the creditors to discharge their debtor upon the receipt of certain pieces of paper representing but a fraction of their indebtedness, although such pieces of paper might turn out to be entirely worthless, unless such a conclusion is unavoidable from the language used. Looking at the composition agreement as stated in the agreed statement, upon which the parties submitted this case to the circuit court, I find it clear, beyond doubt, that the parties had no such intention. The agreed statement of facts recites, "That the creditors, by a valid agreement in writing, to the following effect, agreed that the said creditors would accept forty per cent. of the amount of their respective debts in notes of defendant, payable in three, six, nine, and twelve months after date, in complete satisfaction of said original indebtedness, which defendant should pay." The clause, "which defendant should pay," I take to be a clear and unequivocal statement that it was a part of the composition agreement that the defendant · should pay the notes. It is a principle in the interpretation of written instruments that effect is to be given to every clause of the instrument if possible. But the court construes this instrument so as to give no effect whatever to the clause, "which defendant should pay," but so as to make it idle and tautological. The draftsmen

of this agreed statement were legal practitioners in good standing; they were educated men; and I take it that they knew enough about the rules of English syntax, and about the principles which govern the interpretation of written instruments, to know that such a clause was not necessary for the purpose of describing the original indebtedness, and that, on settled principles of interpretation, it would be held to mean just what I hold it to mean.

But what I regard as a painful feature of this case is, that the court have really not decided it upon the agreed statement, but upon the answer. My brethren regard themselves, no doubt, as having decided it upon the agreed statement; undoubtedly, they are sincere in this; but I am entirely satisfied that if the discovery had not been made that the answer purports to set out the composition agreement *in haec verba*, and that the agreement as so set out is to the effect that the notes are accepted in satisfaction of the debt, and does not contain any clause making it obligatory on the defendant to pay them, this cause would have been decided the other way. It is a settled rule of procedure in this state, that where the parties go to trial on an answer which sets up an affirmative defence, the answer is to be treated as having been denied, although no denial has been filed. *Howell v. Reynolds County*, 51 Mo. 154; *Henslee v. Cannefax*, 49 Mo. 295; *Smith v. St. Joseph*, 45 Mo. 449. This is just what the parties have done in this case. They have gone to trial, not upon the answer —if they had intended to do that the plaintiff would have demurred, or would have moved for judgment on the pleading, or the parties would have agreed to submit the case to the court upon the allegations in the answer— but they have gone to trial on an agreed statement of facts which states the composition agreement differently from the way it is stated in the answer. The agreement as recited in the answer may, for aught we know, be

Vol. xxiii—35

correct, and it may be incorrect. The plaintiff has never admitted its correctness, but it stands, under settled rules of procedure, as a denied and discredited pleading. We have no more right to look to it for the purpose of influencing our judgment upon the case than we would have to look to a piece of loose paper blowing about the streets ; and I wish to enter a distinct protest against this method of administering justice.

I think that the judgment should be reversed and the cause remanded, with directions to enter a judgment in favor of the plaintiff upon the agreed statement.