or of Lewis, whose judgment is subsequent in time to the first.

The counsel for the partnership creditor contended: First. A debt against a partnership was joint and several, was the debt of each partner, and could be made out of the property of either. 3 Leigh, 548; 7 Leigh, 594; Colly. Partn. Second. That the judgment of the partnership creditor was a lien on all the lands of L. & A. from its date. Code Va. 1860, p. 77, § 6, and cases referred to in note. Third. That the 36th section of the bankrupt law provides for the distribution of the assets of the bankrupt arising from the sale of unincumbered property, and does not impair the lien of a judgment, as in a court of equity such distribution would be made preferring partnership and individual creditors where the proceeds arise from unincumbered property, yet when liens have been acquired before distribution is asked, those liens must be respected and discharged in full before distribution can be made. 4 Johns. Ch. 692, 620; 2 Hare & W. Lead. Cas. p. 312; 6 Barb. 470; 13 Grat. 615; 22 Pick. 450; 16 Pick. 572. Particularly, Straus v. Kerngood, 21 Grat. 584.

The counsel for the individual creditor insists that the 36th section did away with the liens; that the individual property must go to the payment of this individual debt, though that property was incumbered by a prior judgment.

E. E. Bouldin and I. H. Guy, for partnership creditors.

Messrs. Barksdale, Dabney, and others, for individual creditors.

## Case No. 8,314.

### In re LEWIS.

[14 N. B. R. 144.] [1]

District Court, S. D. New York. Oct., 1874.

BANKRUPTCY—COMPOSITION—SATISFACTORY BOND.

A resolution of composition, which provides that the payment shall be guaranteed by a satisfactory bond to certain persons, as a committee of creditors, may be confirmed.

[In the matter of Solomon Lewis and others.]

James Dunn, for debtors.

BLATCHFORD, District Judge. The resolution of composition in this case, after providing for a composition of thirty-seven and a half cents on the dollar, to be paid in cash, as follows: one-half in sixty days after the filing of the statement and the recording of the composition, goes on to provide that such payment shall be guaranteed, by the giving of a satisfactory bond in the penal sum of twenty thousand dollars,. to three persons who are named in the resolution, and are stated therein to be the committee appointed by the creditors in the investigation of the affairs of the debtors. within five days after the filing of the statement, and the recording of the resolution. This is a sufficient provision. It must be understood from it that the bond is not only to be given to the three persons named, but is to be satisfactory to them, and that they and they alone are to decide upon its satisfactory character. This obviates the objection in the case of In re Reiman [Case No. 11,673], to the confirmation of the resolution of composition in that case.