### In re J. B. & J. M. CORNELL CO.

#### (District Court, S. D. New York. April 5, 1911.)

1. BANKRUPTCY (§ 262*)—"BID"—WHAT CONSTITUTES.
   A "bid" for property of a bankrupt means an offer by a purchaser to pay something to the bankrupt's receiver for the property purchased, which the receiver may distribute among creditors.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 262.*
   For other definitions, see Words and Phrases, vol. 1, p. 772.]

2. BANKRUPTCY (§ 264*)—SALE OF ASSETS—BID—CONFIRMATION.
   On sale of a bankrupt's assets, a proposition was received to have a new corporation take over all the bankrupt's assets, and then have all the creditors except those holding claims for about $30,000 accept the obligations of the new corporation therefor, payable in from 9 to 27 months; to give to the nonincluded creditors either 25 per cent. of their claims in cash, or certificates of the new corporation for the full amount of their claims, payable in two years after the holders of receivers' certificates have been paid, with the right of the new corporation to create obligations which should be a prior lien on its assets over its liability on its obligations to the bankrupt. Held, that the proposition could not be accepted; the court having no power arbitrarily to order that any objecting creditor shall receive 25 per cent. of his claim, when it is not apparent that on a formal liquidation he will not receive a larger amount, nor to compel the creditor to consent to have the bankrupt's estate transferred to the corporation, and accept in settlement the obligations of the latter payable at a future date.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 264.*]

In Bankruptcy. In the matter of bankruptcy proceedings of the J. B. & J. M. Cornell Company. On application for the confirmation of a bid for the bankrupt's assets. Confirmation denied.

A. Gordon Murray, for receivers.
Wherry & Morgan, for Taunton-New Bedford Copper Co.
Van Wyck & Mygatt, for Garfield & Proctor Coal Co.

HOLT, District Judge. Upon consideration, I think that the objections stated in the memoranda submitted in behalf of some of the unsecured creditors are insuperable. In the first place, the so-called bid is not strictly a bid at all. It does not offer to pay anything to the receivers. It is in form a proposition to have a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

new corporation take over all the assets of the bankrupt, except a few contracts, and then have the creditors of the bankrupt directly accept, in place of their claims against the bankrupt, unsecured obligations of the new corporation, payable at different dates in the future, running from 9 to 27 months. The parties who make the bid are the principal creditors, and, of course, so far as they are concerned, any arrangement which they agree to would be satisfactory. But in addition to the claims which they represent, aggregating about $225,000, there remain further claims, aggregating about $30,000, held by creditors of the receiver, who have furnished materials or labor in connection with the business which the receivers were authorized to carry on by the order of the court, and with the consent and approval of the creditors making the bid. The bid proposes, in substance, to give these creditors either 25 per cent. cash for their claims, or certificates of the new corporation for the full amount of their claims, payable about two years hence, after the holders of the receivers' certificates have been paid.

[2] I do not think that a bankruptcy court has any power to make such an order as against nonassenting creditors. The court cannot arbitrarily order that any creditor who objects shall receive 25 per cent. of his claim, when it is not apparent that upon a formal liquidation he will not receive a larger amount. Nor can any bankruptcy court compel a creditor to consent to have all the bankrupt estate transferred to a corporation, and accept in settlement of his claim obligations of the new corporation, payable at a future date. There is no explanation in this bid of what the amount of the capital of the new corporation will be, or how it will be furnished, or how the money necessary to carry on the business will be obtained; but the bid states that any new indebtedness which may be necessarily created by the corporation for money borrowed for any purpose shall have priority over all the certificates of indebtedness proposed to be given in settlement of the debts of the bankrupt. The proposition, therefore, is that a court of bankruptcy is to authorize a transfer of all the assets of the bankrupt to a corporation, and compel the creditors of the bankrupt to take the unsecured obligations of the new corporation, payable a long time in the future, and to have it in the power of the new corporation to create obligations which shall be a prior lien on its assets over its liability upon its obligations to the creditors of the bankrupt. I am clear that a court of bankruptcy has no power to authorize such a sale, and, if it had, I should deem it inexpedient to do so. It at first struck me that some such arrangement as is provided for in the supplemental bid would meet the objections; but upon further consideration I do not think that it does.

[1] A bid for property of a bankrupt means what is commonly understood as a bid; that is to say, the purchaser is to pay something to the receiver for the property purchased, and the receiver distributes the proceeds among the creditors. In this case the proposed purchasers represent about $225,000 of claims. The other indebtedness aggregates about $30,000, in addition to the expenses

of the receivership. It does not seem unreasonable, if the bidders propose to form a new corporation and carry on this business, that they should take care of the small indebtedness. Upon any bid they may make, up to the total amount of the indebtedness, they can apply their own claims ratably in payment; but there would, of course, have to be some cash paid, and the bid offers 25 per cent. in cash to the nonassenting creditors. The parties are practically quite near together, and it would seem feasible to make a proposition which could be carried out; but the present one, in its present form, I think must be rejected, and if no other bid is made an order will be entered directing the receivers to turn over the property to the trustee, in order that the trustee may proceed in an orderly course in the liquidation of the estate.

Another objection to the transfer of these assets, without anything being received for them except the obligation of the new corporation, payable in the future, is that it leaves the receiver without any means of carrying out certain contracts which are not bidden for. Those contracts, or the claims against the receiver arising under them, must be provided for in some way.

The bid, therefore, is rejected.