## In re WAYNE REALTY CO.

(District Court, N. D. Ohio, E. D. October 26, 1921.)

No. 7563.

1. Bankruptcy �köö376—Section of Bankruptcy Act as to compositions strictly construed.

Bankruptcy Act, § 12 (Comp. St. § 9596), relating to compositions, is to be strictly construed, since it compels a dissenting creditor to accept the percentage offered by the majority, and deprives them of their remedies on the balance, and is in derogation of the common law.

**2. Bankruptcy ☞376—Theory of a "composition" stated.**

Under Bankruptcy Act, § 12 (Comp. St. § 9596), providing for confirmation of a composition, after the "consideration to be paid by the bankrupt to his creditors" has been deposited as designated by the judge, the theory of a composition is a payment of, or a promise to pay to creditors, a certain definite amount or other consideration in lieu of a dividend derived from the sale of bankrupt's assets, and it presupposes a consideration and a weighing by the creditors of the relative advantage of what is offered by the composition over what may be realized from the assets.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Composition.]

**3. Bankruptcy ☞376—Composition, not providing for deposit of consideration to be paid creditors, not confirmed.**

Proposed composition, providing for the conveyance by the bankrupt corporation and three of its officers, against whom involuntary proceedings in bankruptcy were pending, of certain real estate to a trustee, to be administered and converted into money by trustee with the consent of a creditors' committee, and authorizing trustee to borrow money and further incumber the property, and to determine the validity, extent, and priority of liens, and the validity and amount of claims, subject to reference, in case of dispute, to arbitration, will not be confirmed, since it does not provide for any consideration to be deposited in place designated by the judge and subject to his order, as required by Bankruptcy Act, § 12 (Comp. St. § 9596).

In Bankruptcy. In the matter of the Wayne Realty Company, bankrupt. On objection by Le Grande Chase, one of the creditors, to confirmation of the composition offered by the bankrupt. Confirmation denied.

Mooney, Hahn, Loeser & Keough, of Cleveland, Ohio (William C. Keough, of Cleveland, Ohio, of counsel), for bankrupt.

D. K. Henderson and Gott, Chamberlin & Bloomfield, all of Cleveland, Ohio, for objecting creditor.

Snyder, Henry, Thomsen, Ford & Seagrave, of Cleveland, Ohio, for petitioning creditors.

WESTENHAVER, District Judge. One of the creditors of the bankrupt objects to the confirmation of the composition offered by the bankrupt, on the ground that it is not to the best interest of creditors. Specifically, the objecting creditor claims, among other things, that the form of the composition is indefinite, incomplete, and impracticable for a number of reasons. (Paragraph 6, with 9 subdivisions, A to I).

The offer, briefly, is that the bankrupt, as well as three others, officers of bankrupt company, convey to a trustee named certain real estate; that the trustee administer this property—i. e., convert it into money by selling it—with the consent of a creditors' committee, on time payments, secured by mortgage, if they so determine; that he may complete buildings thereon, borrowing money for that purpose, and incumber the property as security therefor, with the consent of a creditors' committee; that said trustee may sell any notes or mortgages taken by him, and may compromise any claim against bankrupt or the others conveying the property to him. All general creditors, as well as lien claimants, of which there are many, are to file their

claims with the trustee, and he is to determine them, as well as the rights and priorities of creditors. In the event any of such creditors are dissatisfied, they may require reference to arbitration; said arbitrators to determine all issues of law and fact, their decision to be final. At the direction of the creditors' committee, the trustee shall bring action to clear title to any property. The trustee is allowed, with approval of creditors' committee, such expense as is necessary in the care, maintenance, preservation, and sale of the assets, and to receive reasonable compensation for his services; also the creditors' committee is to receive reasonable compensation. The arbitrators are to be paid by the parties to the dispute. The trustee is not to be liable to creditors for any damage or injury which they may suffer in any way in connection with the property. There are provisions in the offer which bind creditors of the bankrupt to release any claims they may have against the *three officers* of the bankrupt corporation. Dividends are to be declared pro rata to all general creditors, and payments upon valid liens are to be made when funds are in the hands of the trustee and they are approved by the creditors' committee. Involuntary petitions in bankruptcy are now pending against said *three officers* and it is claimed that they have made transfers of property in fraud of creditors of bankrupt.

A brief reference to the Bankruptcy Act upon the subject of compositions and the decisions thereunder will prove helpful. Section 12 of the act (Comp. St. § 9596) provides:

"(a) A bankrupt may offer * * * terms of composition. * * * (b) An application for the confirmation of a composition may be filed * * * after * * * the consideration to be paid by the bankrupt to his creditors, and the money necessary to pay all debts which have priority and the cost of the proceedings, have been deposited in such place as shall be designated by and subject to the order of the judge. * * * (d) The judge shall confirm the composition if satisfied that (1) it is for the best interests of the creditors. * * * (e) Upon the confirmation of a composition, the consideration shall be distributed as the judge shall direct, and the case dismissed."

[1] Since a composition is in derogation of the common law, and compels a dissenting creditor to accept the percentage accepted by the majority, and deprives them of their remedies on the balance, this section is to be strictly construed. Collier on Bankruptcy (12th Ed.) p. 313; Brandenburg on Bankruptcy, § 1195; Matter of Kinnane Co., 221 Fed. 762, 34 Am. Bankr. Rep. 119 (D. C., Ohio, Judge Sater). It is to be noted, first, that the "*consideration*" to be "*paid*" to creditors and the "money" to pay priority debts and costs are to be "deposited in such place as designated by" and "subject to the order of the judge."

[2] While the act uses the word "consideration," and not "money," as that which creditors are to be paid, there are reasons for holding that what is to be deposited must be money, the definite promise of payment of a definite sum or its equivalent, and, in any event, in a form susceptible of distribution direct to creditors. In other words, the theory of a composition is a *payment* or promise to pay to creditors of a certain definite amount or other consideration in lieu of a dividend derived from the sale of bankrupt's assets. It presupposes a consideration and a weighing by the creditors of the relative advantage of

what is offered by composition over what may be realized from the assets.

The Official Form No. 60 (89 Fed. lviii), prescribed by the Supreme Court, numerous decisions, as well as the words of text-writers on Bankruptcy Law, support this proposition. Official Form No. 60 for "Petition for Meeting to Consider Composition" reads:

"The above-named bankrupt respectfully represents that a composition of ——— per cent. upon all unsecured debts," etc.

Local federal rules (rule No. 13) require the petition for composition to be filed with the referee to be Official Form No. 60, and require the referee to call such meeting in accordance with Supplementary Form No. 6, which reads:

"Notice is hereby given that bankrupt has offered a composition of ——— per cent. * * *"

The same local rule (13) requires every offer of composition to follow Supplementary Form No. 7, which states the offer to be "a composition of ——— per cent. * * *"

Supplementary Form No. 5 and Supplementary Form No. 1 of the local rules refer to proceedings in composition and contain the words "composition of ——— per cent."

"The theory of a composition is that the cash value of the bankrupt's estate is substantially divided among the creditors in proportion to their respective debts." Loveland on Bankruptcy, § 693.

Brandenburg on Bankruptcy, § 1198, says:

"The bankrupt must make an offer of specific terms upon which he shall have back his estate. * * *"

In section 1208 he says:

"The consideration is not, however, limited to money, but must be something equivalent thereto, which may ultimately be convertible into money. and extends to reasonably safe securities, or promises to pay such as a good business man would naturally accept in payment of merchandise sold."

Loveland on Bankruptcy, § 693, says:

"The statute does not declare of what the consideration must consist. Manifestly it should be of such a nature that it can be readily distributed by the judge. * * *"

See also Collier on Bankruptcy, p. 320, and Remington on Bankruptcy, § 2369.

In the matter of J. B. & J. M. Cornell Co. (D. C.) 186 Fed. 859, 26 Am. Bankr. Rep. 252, Judge Holt, in passing on a confirmation of a petition to sell, makes some observations which are pertinent upon the question of compositions. The buyer offered to organize a new corporation, and to give to various unsecured creditors the unsecured obligations of the new corporation or 25 per cent. in cash. He says:

"Nor can any bankruptcy court compel a creditor to consent to have all the bankrupt estate transferred to a corporation, and accept in settlement of his claim obligations of the new corporation, payable at a future date. There is no explanation in this bid of what the amount of the capital of the new corporation will be, or how it will be furnished, or how the money necessary

to carry on the business will be obtained; but the bid states that any new indebtedness which may be necessarily created by the corporation for money borrowed for any purpose shall have priority over all the certificates of indebtedness proposed to be given in settlement of the debts of the bankrupt. The proposition, therefore, is that a court of bankruptcy is to authorize a transfer of all the assets of the bankrupt to a corporation, and compel the creditors of the bankrupt to take the unsecured obligations of the new corporation, payable a long time in the future, and to have it in the power of the new corporation to create obligations which shall be a prior lien on its assets over its liability upon its obligations to the creditors of the bankrupt. I am clear that a court of bankruptcy has no power to authorize such a sale, and, if it had, I should deem it inexpedient to do so."

In Kinkead v. Bacon & Sons, 36 Am. Bankr. Rep. 390, 230 Fed. 362, 144 C. C. A. 504 (6 C. C. A.), Judge Knappen, considering the meaning of the composition section of the act, says:

"But the 'consideration to be paid by the bankrupt to his creditors' may or may not be cash. A bankrupt usually does not have enough ready money of his own to carry out a composition. The 'consideration to be paid' may be the bankrupt's notes, secured or even wholly unsecured, or his mere promise to pay in the future a given amount. 2 Loveland on Bankruptcy (4th Ed.) p. 1264. It is common knowledge that compositions sometimes contemplate the taking by creditors of stock or securities under a reorganization, as in the arrangement under consideration in Re Kinnane (D. C., Ohio) 34 A. B. R. 119, 221 Fed. 762. It is, we think, also clear that such 'consideration' need not be actually deposited with the Court. True, the statute requires that it 'be deposited in such place as shall be designated by and subject to the order of the judge,' thus plainly permitting a deposit of notes or other evidences of debt, secured or unsecured, with any approved depositary."

In Re Kinnane (D. C.) 221 Fed. 762, 34 Am. Bankr. Rep. 119, Judge Sater considered a composition in some respects similar to the one before us. The bankrupt offered 40 per cent. cash and 5 per cent. additional in two months, payable in three and six months respectively. To secure the remaining 55 per cent. it was proposed to give to a trustee a third mortgage on all its real estate. This mortgage was subject to a first mortgage and other existing liens, as well as to a second mortgage to be given to two banks to secure them in their waiver of the 40 per cent. cash dividend, and to secure moneys advanced or to be advanced by them to finance the composition and the business. Judge Sater held that the proposed composition exceeded the limits imposed by the Bankruptcy Act and refused to confirm. Some of the language of his opinion is quite pertinent here, and may with profit be quoted at some length. After quoting from a section of Loveland on Bankruptcy (see supra), he says:

"A like rule prevailed under the act of 1867, as appears from the following found in Blumenstiel on Bankruptcy (1897) 421, 422: 'The composition must provide for a payment or satisfaction in money, as distinguished from merchandise, notes or other property; but the money thus to be paid may, by the terms of the resolution or offer, be made payable in installments due at stated periods, may be evidenced by promissory notes, and also be secured by a surety, indorser, or by a bond satisfactory to a committee or otherwise. In re Lewis, 14 N. B. R. 144; In re Reiman & Friedlander, 13 N. B. R. 128; In re Hurst, 13 N. B. R. 455. The payment must be in money eventually, and, though notes be given, there will be no satisfaction until they are paid. In case of nonpayment, the original debt revives.' * * *

"It is usual, when a composition is made, for each creditor separately to receive his portion, that he may thereafter manage and dispose of his property

as he pleases. In the instant case, it is not proposed to issue to the respective creditors any note, or certificate of indebtedness, or other instrument of either a negotiable or nonnegotiable character, to evidence the sums due them, respectively, which are secured by the mortgage. The precise interest which any creditor will have in the mortgage cannot be determined until it becomes known whether all of those who have filed claims, and all of those who have been scheduled, but have not yet filed their claims, accept the composition, nor can it then be determined, unless a computation be made by some one conversant with all the facts regarding acceptances. It is surmised that this fact is not necessarily a fatal defect in the company's offer; but allusion is made to it as one of the inconveniences and uncertainties of the offer. A creditor will not be able to avail himself of his security by indorsement or delivery, as might be done, were he to receive a note or certificate of indebtedness showing the sum due him, although he could, I think, make a valid assignment of his interest in the mortgage. His ability to make an assignment, however, would be hampered by the fact that, if a default should occur, the mortgage could not be foreclosed unless a majority of the creditors as to number and amount should so direct.

"The proposed plan does not segregate the rights of creditors, but compels them to negotiate with each other and determine at some future time on the policy to be pursued in enforcing their rights, should such become necessary. The nonassenting creditors will be compelled to enforce their rights through a person and at a time not of their own selection, and to contribute towards payment for such person's services. Under the statute, the legally provided majority of creditors may direct what portion of their claims the minority shall receive; but I know of no rule which permits such majority to exercise control over the property of the minority, or of any member of it, after the composition has been effected. The majority control terminates with the composition proceedings. The control given by the Act cannot be so projected into the future as to regulate the business conduct and property of another and restrain him from freely acting as regards his own. We have seen that, if a default should occur in the payment of the mortgage, the sum remaining due on each creditor's original claim revives. He may then lawfully proceed in his own way and without restraint to collect. Other creditors, for want of authority, may not say that he shall not do so. The proposed composition, therefore, exceeds the limits imposed by law."

[3] In the case before us, creditors, if the composition be confirmed, would be denied all rights to pursue their claims against bankrupt indefinitely, without any promise of any payment at any definite time. There is no limit of time set in which the trustee must fully administer. There is practically no way in which it may be determined just what consideration creditors are to be paid. Numerous liens are to be determined; costs of trustee, creditors' committee, and arbitrators are to be paid out of the fund. The trustee may borrow money and further incumber the property. Furthermore, the validity, extent, and priority of liens, as well as the validity and amount of claims of general creditors, are to be determined, not by the court, but by the trustee, or in case of dispute by arbitrators.

It is hardly conceivable that, in the face of the provision of the act, the consideration be deposited in a place designated by the judge and subject to *his* order, that a composition, by its terms placing the consideration irrevocably in the hands of a trustee designated, is within the meaning of the Bankruptcy Act. More emphatically does it seem inconceivable, in the face of a provision that the consideration shall be distributed as the judge shall direct, that it should be lawful that out of the consideration a trustee should be paid fees determined by a creditors' committee, a creditors' committee should be paid, and a trustee

should pass on the claims that are to share in the fund, and the liens that are to be held valid, a determination which may diminish, if not entirely destroy, the consideration, which supposedly has been deposited for creditors for pro rata distribution.

It is a fact, also, that lien claimants are not bound by the composition offer. They may institute suit and foreclose their liens. This presents another uncertainty as to what may become available to general creditors. The attempt to give to the trustee, named under the composition offer, property held by the three officers of the bankrupt corporation, against whom involuntary bankruptcy proceedings are now pending, is also a somewhat compelling reason for refusing confirmation. If those proceedings are pressed by their respective creditors and adjudication results, the bankruptcy court could clearly claim the property conveyed, if it is really theirs, as part of the assets in their estates.

In my opinion, the offer of composition is not in the interest of creditors, and does not comply with the provisions prescribed for compositions in the Bankruptcy Act. Confirmation is accordingly denied.

An exception may be noted in behalf of the bankrupt.