**In re MOUTON.**
No. 5461.

District Court, W. D. Louisiana, Opelousas Division.

Sept. 23, 1936.

F. X. Mouton, of Lafayette, La., for debtor.

Dan De Baillon, of Lafayette, La., for Commercial Bank & Trust Co. of Lafayette.

L. L. Perrault, of Opelousas, La., referee in bankruptcy.

DAWKINS, District Judge.

This case presents the question of law as to whether, under section 74 of the Bankruptcy Act, as amended, a debtor can compel a single dissenting creditor, who holds a mortgage to secure its debt, to accept the property upon which that mortgage rests in satisfaction of its claim.

The facts are fully set forth in the opinion and report of the referee on the first hearing, which disclosed that the debtor's estate consisted entirely of real estate, most of which was mortgaged to various creditors; that his proposal was to turn over to each the property covered by his mortgage, in full satisfaction of the debt, except his home, as to which the debtor was to have six months for the purpose of refinancing and he was to have three years in which to pay unsecured creditors. All creditors whose claims were proven accepted the proposal, except the Commercial Bank & Trust Company of Lafayette, La., in liquidation, which has vigorously opposed the settlement. The record shows that most of the property thus proposed to be given in payment of the mortgages resting upon it was appraised at values considerably in excess, some of it twice as much as the debts. Even that offered the opposing bank was appraised at more than its claim. There was other property unincumbered.

On the petition to review, this court upheld the original ruling of the referee sustaining the opposition of the bank, but sent the matter back to the referee to afford the debtor another opportunity to propose a settlement that might be acceptable. At the second hearing, additional real estate, amounting to several hundred dollars, in appraised value was offered to the opponent, but it refused again and has opposed confirmation of the composition and extension.

I agree with the referee that section 74 of the Bankruptcy Act contemplates an equitable settlement of the debtor's affairs in which there shall be no glaring inequali-

ties as is shown in this instance, when appraised values are considered, and such proposal, I think, should embrace an equal ratable payment in cash or deferred installments, represented by notes or other obligations, with secured creditors receiving first consideration in the property or its proceeds which they hold as security; but it does not contemplate the giving to this latter class an excess of either to the prejudice of unsecured creditors or those holding security who, after applying that security through execution or otherwise, may have a deficiency as an unsecured claim. In such a situation, in the absence of unanimous consent, the only recourse is liquidation of the estate, or the dismissal of the proceeding, leaving all of the creditors to their remedy under the state law. See Remington on Bankruptcy, vol. 7, p. 201, § 3093; Id. p. 299, § 3152; In re Wayne Realty Company (D.C.) 275 F. 955. My conclusion is the confirmation of the proposal should be denied.

■ Having denied the confirmation, the statute seems to require an adjudication of the petitioner a bankrupt. See subsection (l), § 202, title 11, U.S.C.A. (section 74, Bankruptcy Act of 1898, as added by Act of March 3, 1933, c. 204, § 1, 47 Stat. 1467, as amended June 7, 1934, c. 424, § 2, 48 Stat. 922, 923; May 15, 1935, c. 114, § 2, 49 Stat. 246).

Proper decree should be presented.